# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELINDA WILSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Civil Action No. 05-73-JJF |
| AMERICAN POSTAL WORKERS | : |
| UNION, DELAWARE AREA LOCAL, | : |
| AFL-CIO; and UNITED STATES | : |
| POSTAL SERVICE, an independent | : |
| Establishment of the Executive Branch | : |
| of the government of the United States | : |
| of America, | : |
| | : |
| Defendants. | : |

## ANSWER OF DEFENDANT, UNITED STATES POSTAL SERVICE

Defendant, United States Postal Service, by and through the undersigned counsel, and in response to each numbered paragraph of the Complaint states as follows:

### JURISDICTION AND VENUE

1. Denied. The averments contained in paragraph 1 of Plaintiff's Complaint concerning jurisdiction and venue are denied as conclusions of law to which no response is required. To the extent, however, this paragraph may be deemed to set forth allegations of material fact, Defendant denies them except to admit that Plaintiff purports to bring this action pursuant to the statutory provisions cited.

2. Admitted.

3. Admitted in part, denied in part. The averments contained in paragraph 3 of Plaintiff's Complaint are admitted except that allegations that Defendant was an employer as defined by the named statutes are denied as conclusions of law to which no response is required.

4.  The averments contained in paragraph 4 of Plaintiff's Complaint are addressed to a party other than Defendant U.S. Postal Service therefore no response is required.

5.  Admitted in part, denied in part. The averments contained in paragraph 5 of Plaintiff's Complaint are admitted except that allegations that Plaintiff was entitled to enforce the provisions of the CBA are denied as conclusions of law to which no response is required. To the extent, however, this portion of paragraph 5 may be deemed to set forth allegations of material fact, they are denied.

6.  Admitted. By way of further response, the Agreement between United States Postal Service and American Postal Workers Union AFL-CIO, is a document which speaks for itself.

7.  Admitted in part, denied in part. The averments contained in paragraph 7 of Plaintiff's Complaint are admitted except to deny that the Notice stated that Plaintiff's employment was being terminated "effective 30 days from her receipt of the Notice". By way of further response the March 24, 2004 Notice of Removal is a document which speaks for itself.

8.  Admitted in part, denied in part. The averments contained in paragraph 8 of Plaintiff's Complaint are admitted except that Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff denies that there was just cause for her termination under the CBA. This averment is therefore denied. By way of further response, the March 24, 2004 Notice of Removal is a document which speaks for itself.

9.  Admitted in part, denied in part. The averments contained in paragraph 9 of Plaintiff's Complaint are admitted except that Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff protested the discharge to the Union on April 6, 2004. This averment is therefore denied.

10. Admitted.

11. Admitted in part, denied in part. The averments contained in paragraph 11 of Plaintiff's Complaint are admitted except that Defendant denies the statement that the "Arbitrator did not reach the merits of the grievance". By way of further response, the November 10, 2004, Grievance Award is a document which speaks for itself.

12. The averments contained in paragraph 12 of Plaintiff's Complaint are addressed to a party other than Defendant U.S. Postal Service therefore no response is required.

13. Denied. The averments contained in paragraph 13 of Plaintiff's Complaint are denied as conclusions of law to which no response is required. To the extent, however, that this paragraph may be deemed to set forth allegations of material fact, they are denied.

14. Denied. The averments contained in paragraph 14 of Plaintiff's Complaint are denied as conclusions of law to which no response is required. To the extent, however, that this paragraph may be deemed to set forth allegations of material fact, they are denied.

The allegations in the Complaint after the word "WHEREFORE" constitute Plaintiff's prayer for relief to which no response is required. To the extent, however, the aforementioned paragraph may be deemed to set forth allegations of material fact, they are denied.

WHEREFORE, Defendant, United States Postal Service, respectfully requests that judgment be entered in its favor and against Plaintiff together with costs and disbursements and such other and further relief as the Court may deem just and proper.

FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's cause of action, in whole or part, is barred by applicable statutes or periods of limitation.

THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

Defendant avers that Plaintiff is not entitled to any relief whatsoever. Defendant denies each and every allegation of the Complaint that has not been otherwise admitted, denied or qualified.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: /s/Patricia C. Hannigan
Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
Patricia.Hannigan@usdoj.gov

OF COUNSEL:
Donna G. Marshall
Attorney
Eastern Area Law Office
United States Postal Service
P. O. Box 40595
Philadelphia, PA 19197-0595
(215) 931-5090
(215) 931-5092 (fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that on **April 14, 2005**, I electronically filed a **ANSWER OF DEFENDANT UNITED STATES POSTAL SERVICE** with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| **Joseph M. Bernstein, Esquire** | **A. Dale Bowers, Esquire** |
| Delaware Bar I.D. No. 780 | The Law Offices of Joseph J. Rhoades |
| 800 North King Street, Suite 302 | Delaware Bar I.D. No. 3932 |
| Wilmington, DE 19801-3544 | 1225 King Street, 12th Floor |
| (302) 656-9850 | Wilmington, DE 19801 |
| **jmbern001@comcast.net** | (302) 427-9500 |
| | **dale.bowers@rhoadeslegal.com** |
| ATTORNEY FOR PLAINTIFF | |
| | ATTORNEY FOR AMERICAN POSTAL WORKERS UNION |

                        COLM F. CONNOLLY
                        United States Attorney

      By:  /s/Patricia C. Hannigan
            Patricia C. Hannigan
            Assistant United States Attorney
            Delaware Bar I.D. No. 2145
            The Nemours Building
            1007 Orange Street, Suite 700
            P. O. Box 2046
            Wilmington, DE 19899-2046
            (302) 573-6277
            **Patricia.Hannigan@usdoj.gov**