## REGULAR ARBITRATION PANEL

| | | |
|---|---|---|
| In the Matter of Arbitration | ) | |
| | ) | Grievant: M. Wilson |
| between | ) | |
| | ) | Post Office: Wilmington, DE |
| United States Postal Service | ) | P&DC |
| | ) | Case No: C00C-1C-D 04114132 |
| and | ) | |
| | ) | |
| American Postal Workers Union | ) | |

Before:                                    GEORGE R. SHEA, Jr.

Appearances:
      For United States Postal Service:  A. Keen
      For American Postal Workers Union:  S. Collins

Place of Hearing:                         Wilmington, DE
Date of Hearing:                          October 7, 2004
Date of Post Hearing Submissions:         October 14, 2004
Date of Award:                            November 10, 2004
Relevant Contract Provisions:             Articles 15, 16
Contract Year:                            2000-2003
Type of Grievance:                        Discipline (Removal)

### AWARD SUMMARY

For the reasons more fully set forth in the attached Opinion, the
Arbitrator determines that the underlying grievance in this matter
is not arbitrable by reason of the Grievant/Union's late initiation
of the grievance. The grievance, therefore, is dismissed with
prejudice. The Arbitrator further determines that the proper
disposition of the grievance does not require him to address the
Parties' contentions regarding the merits of the grievance and the
Arbitrator makes no findings, determinations or rulings regarding
the merits of those contentions.

_George R. Shea Jr_

George R. Shea, Jr.



DEPOSITION
EXHIBIT
Wilson 6
10-7-05

A-000043

OPINION

## STATEMENT OF PROCEEDINGS:

The Union, in accordance with the Parties' National Agreement [Agreement], appealed the above captioned matter to arbitration. The undersigned was designated as the Arbitrator to hear and decide the matter. The Arbitrator held a hearing on and at the previously captioned date and location. The Parties' representatives appeared and the Arbitrator provided them with a full and fair opportunity to be heard, to present evidence and argument, and to examine and cross examine witnesses.

The Service requested that the question of the arbitrability of the underlying grievance be separated from the merits of the grievance. The Union did not object to this request.[1]   The Parties requested the Arbitrator hear the entire matter but address the issue of arbitrability first and only address the merits of the grievance, if he found the matter arbitrable.

The Service called C. Van Istendal and L. Drummer as its witnesses.  The Union called M.G. Wilson [Grievant] as its witnesses.

## ISSUE:

The Parties agreed to the following statement of the issue before the Arbitrator:

> **Is the underlying grievance not arbitrable by reason of its' date of filing? If the grievance is arbitrable, did the Service have just cause to issue M. Wilson [Grievant], the Notice of Removal dated March 24, 2004 [Notice/ Removal/ Notice of Removal]? If not, what shall be the appropriate remedy?**

---

[1] Collins, H4C-4B-C 4753, (1987)

C00C-1C-D 04114132                    2

A-000044

**OPINION**

**STATEMENT OF PROCEEDINGS:**

The Union, in accordance with the Parties' National Agreement [Agreement], appealed the above captioned matter to arbitration. The undersigned was designated as the Arbitrator to hear and decide the matter. The Arbitrator held a hearing on and at the previously captioned date and location. The Parties' representatives appeared and the Arbitrator provided them with a full and fair opportunity to be heard, to present evidence and argument, and to examine and cross examine witnesses.

The Service requested that the question of the arbitrability of the underlying grievance be separated from the merits of the grievance. The Union did not object to this request.[1]  The Parties requested the Arbitrator hear the entire matter but address the issue of arbitrability first and only address the merits of the grievance, if he found the matter arbitrable.

The Service called C. Van Istendal and L. Drummer as its witnesses. The Union called M.G. Wilson [Grievant] as its witnesses.

**ISSUE:**

The Parties agreed to the following statement of the issue before the Arbitrator:

> Is the underlying grievance not arbitrable by reason of its' date of filing? If the grievance is arbitrable, did the Service have just cause to issue M. Wilson [Grievant], the Notice of Removal dated March 24, 2004 [Notice/ Removal/ Notice of Removal]? If not, what shall be the appropriate remedy?

---

[1] Collins, H4C-4B-C 4753, (1987)

C00C-1C-D 04114132                2

A-000045

**FACTS:**

The events regarding this matter were described in the testimony of the Parties' witnesses and in the documentary evidence offered by the Parties. Based upon his review of that evidence, including his personal observation of the witnesses during their testimony, the Arbitrator determines that the preponderance of that evidence supports the following findings of fact.

1.  M.G. Wilson [Grievant], at times relevant to this matter, was a postal employee assigned to a Clerk position on Tour 2 at the Wilmington, DE P&DC [Facility]. At the time of the Hearing, the Grievant had been employed by the Service for approximately 19 years. During her postal employment, she served the Union as a Shop Steward and in that capacity had represented other employees at pre-discipline interviews prior to March 10, 2004.

    At all times relevant to this matter, the Grievant's official residential address was the one used by the Service when notifying her of the Notice of Removal. Prior to the events at issue in the instant grievance, the Grievant had received mail, including certified mail, at this address.

    The Grievant suffers from asthma, a condition which made her eligible for Family Medical Leave and provided her with protection for related absences.

    On or about October 20, 2003, the Grievant commenced part-time employment at Boscov's, a department store located near the Facility. The work hours of this part-time employment were outside her postal work hours.

2.  March 10, 2004: L. Drummer [Disciplining Supervisor] held a pre-discipline Interview or Day in Court procedure regarding the anticipated Removal of the Grievant from her postal employment. The interview was attended by C. Van Istendal [Concurring Official]. The Grievant was represented by Pat McLaughlin, a Union representative. Subsequent to the pre-

A-000046

discipline interview, the Grievant was relieved of her postal identification badge and escorted from the Facility.

3. March 13, 2004: The Disciplining Supervisor responded to an inquiry from the Grievant and indicated that her decision to Remove the Grievant from her postal employment was based upon the Disciplining Supervisor's personal investigation of the charged incidents.

4. March 24, 2004: The Service, in the person of L. Drummer [Disciplining Supervisor] with the concurrence of C. Van Istendal, issued the Grievant a Notice of Removal dated March 24, 2004 [Notice / Removal]. The first paragraph of the Notice of Removal stated that it would be effective 30 days from the Grievant's receipt of the Notice. On the same day, the Service sent the Notice of Removal by regular First Class and Certified Mail to the Grievant's residential address. The Service requested proof of delivery of the First Class mailing.

5. March 30, 2004: The Letter Carrier assigned to the postal delivery route servicing the Grievant's residence, notified the Service's Labor Relations Department that he delivered the First Class mail to the Grievant's resident address and simultaneously left notice of attempted delivery of the Certified Mailing on this date.(Sr-#1, 2)

6. April 1, 2004: The Service's Equal Employmnet Opportunity [EEO] Office sent the Grievant an "Information for Pre-Complaint Counseling" form. The Information Request was the result of the Grievant's contact with the EEO Office on March 31, 2004.

7. April 6, 2004: The Grievant, who testified that she had not been at her residential address between March 26, 2004 and April 6, 2004 for personal reasons, signed for the Certified Mail piece containing the Notice of Removal. She further

A-000047

testified that this was the first notification she received of the Notice of Removal and that she immediately contacted the Union and provided the Union with a written statement regarding the charges upon which the Removal was based.

8. April 10, 2004: The Grievant responded to the EEO Office's Information request on this date and indicated that she had been removed from her postal employment on March 31, 2004 and had filed a grievance contesting the Removal on April 6, 2006. (Sr-#3)

9. April 16, 2004: The Union initiated the underlying grievance challenging the contractual appropriateness of the Notice of Removal at a Step One meeting on this date. The Service denied the grievance on its merits.

10. April 19, 2004: On an undated Step 2 Appeal form, the Union appealed the underlying grievance contesting the contractual appropriateness of the Notice of Removal to Step 2 of the grievance procedure. The Form was stamped as received by the Service's Labor Relations Department on April 19, 2004.

11. April 23, 2004: A Step 2 meeting regarding the grievance took place between the Service, in the person of A. Keen, and the Union, in the person of C. Stinson.

12. April 27, 2004: The Service, in the person of Keen, notified the Union, in the person of Stinson, that the grievance was denied. The Service asserted that the grounds of the denial was the untimeliness of the grievance. The Service also denied the grievance on its merits.

13. May 4, 2004: The Union appealed the Service's denial of the grievance to Step 3 and to arbitration.

A-000048

**POSITIONS OF THE PARTIES:**

**United States Postal Service [Service]**

**Procedural Arbitrability:**

The Service maintained that the instant matter is not arbitrable by reason of the Grievant/Union's failure to file the grievance within the fourteen day time limit established by Section 15.2. Step One of the Agreement's grievance procedure. The Service asserted that it perfected this challenge to the grievance's arbitrability in its Step 2 denial of the grievance, as required by Section 15.4.B of the Agreement.[2] The Service further asserted that the Grievant/Union had waived the grievance pursuant to the provisions of Section 15.4.B of the Agreement. Finally, the Service asserted that the Arbitrator, by operation of Section 15.5.A.6 of the Agreement, cannot alter or amend the provisions of Section 15.2 or 15.4 of the Agreement and must find the grievance not arbitrable.

**Substantive Merits of the Grievance:**

The Service maintained that it had just cause to issue the Grievant the contested Notice of Removal; in that, the Removal (a) was issued subsequent to the Service's investigation of the charge, including a proper pre-discipline interview of the Grievant, (b) was based upon a proven charge of the Grievant's Improper Conduct by reason of her mis-use of sick leave (c) was consistent with the proven charge and the Grievant's employment record and (d) was issued in accordance with procedures sanctioned or required by the Agreement and the Just Cause Standard.

Based upon these factual assertions and contractual contentions, the Service requested the Arbitrator deny the grievance.

_____

[2] Aaron, H8T-5C-C 12360, (1982)

C00C-1C-D 04114132                    6

A-000049

**American Postal Workers Union, AFL-CIO [Union]**

**Procedural Arbitrability:**

The Union maintained that the grievance was arbitrable. The Union maintained that the Service had the burden of establishing the basis of its claim that the grievance was not arbitrable and has failed to meet that burden. Affirmatively, the Union maintained that the grievance, which was filed on April 16, 2004, was initiated timely. Specifically, the Union argued that the tolling of the time period for initiating the grievance commenced on April 6, 2004, the date on which the Grievant reasonably could have been expected to learn of the Service's issuance of the contested Removal. The Union requested the Arbitrator find the grievance arbitrable.

**Substantive Merits of the Grievance:**

The Union maintained that the Service did not have just cause to issue the contested Removal to the Grievant; in that, the Removal (a) was excessive, therefore, not corrective in nature, (b) was untimely, therefore, procedurally defective, (c) was issued without a proper pre-discipline investigation, therefore, procedurally defective and arbitrary in nature and (d) was issued without a proper pre-discipline interview of the Grievant and without a proper concurrence by a higher authority, therefore, failed to comply with procedures mandated by the Agreement.

Based upon these factual assertions and contractual contentions, the Union requested the Arbitrator sustain the grievance and award the Grievant reinstatement to her postal employment and full restitution of all wages and benefits lost by her as a result of the contested Removal.

C00C-1C-D 04114132                     7

A-000050

**DISCUSSION:**

Section 15.2. Step 1 (a) of the Agreement, in parts relevant to this matter, provides the following:

> "Any employee who feels aggrieved must discuss the grievance with the employee's immediate supervisor within fourteen (14) days of the date on which the employee or the Union first learned or may reasonably have been expected to have learned of its cause."

Section 15.4.B of the Agreement, in parts relevant to this matter, provides the following:

> "The failure of the employee or the Union in Step 1 or the Union thereafter to meet the prescribed time limits of the Steps of this procedure, including arbitration, shall be considered a waiver of the grievance. However, if the Employer fails to raise the issue of timeliness at Step 2 or at the step at which the employee or Union failed to meet the prescribed time limits, whichever is later, such objection to the processing of the grievance is waived."

The Service, as the party relying on the non-arbitrability claim based upon the untimeliness of the grievance's initiation, must bear the burden of establishing the contractual and factual basis of that claim. If the Service establishes its prima facie case on this issue, the burden of proof and persuasion shifts to the Union to rebut the Service's prima facie evidence or to establish circumstances which would excuse or justify the late filing of a grievance.

The Service maintained that the provisions of Article 15 of the Agreement [Article 15] mandate that a grievance be filed within fourteen days of the Grievant's or the Union's first knowledge of the incident grieved, in the instant matter the Service's Removal of the Grievant from her postal employment. The Service argued that this requirement was absolute and no exceptions could be made to the mandate without altering the Agreement. The Arbitrator cannot agree.

C00C-1C-D 04114132                        8

A-000051

There is arbitral discussion, even in the cases cited to the Arbitrator by the Service, which imply that, if the Grievant was physically, psychologically or emotionally incapable of understanding the significance of a Notice of Removal or was prevented from receiving or reacting to a Notice of Removal, the tolling of the time limits of Section 15.2 would not commence until the impediments to the Grievant's action were removed.

The Arbitrator determines that the evidence in this matter establishes that the Service mailed the Notice of Removal to the Grievant's residential address of record. This mailing was accomplished by First Class and Certified Mail.

Such a proper mailing of the First Class mail piece creates a rebuttable presumption that the item mailed was delivered and received by the addressee.[3] This presumption may be rebutted by evidence establishing that the sender used an incorrect address when mailing the item or that the mailed piece was returned to the sender. The evidentiary record of this matter contains no such evidence.

Conversely, the documentary evidence established that the First Class mailing was delivered to the Grievant's resident address of record on March 30, 2004. The Arbitrator further determines that the preponderance of documentary evidence and credible testimony establish that the Grievant actually received the Notice of Removal contained in the First Class mailing on or before March 31, 2004.

Based upon these findings, the Arbitrator determines that the tolling of the fourteen day period during which the Grievant or the Union had to initiate a grievance challenging the contractual appropriateness of the Notice of Removal commenced on March 31,

---

[3] See Liacos, Paul J. Handbook of Massachusetts Evidence, 5th ed Little Brown and Company, Boston, MA (1981) at page 52 for discussion and cited cases.

COOC-1C-D 04114132                    9

A-000052

2004 and ended no later than April 14, 2004. The underlying grievance in this matter was initiated on April 16, 2004.

The Arbitrator determines that the evidentiary record does not contain sufficient evidence to warrant a finding that the Grievant was physically, mentally or emotionally incapacitated or impaired to the extent that she could not understand the significance of the Notice of Removal or could not initiate a grievance challenging its contractual appropriateness during the period between March 31, 2004 and April 14, 2004. The Arbitrator further determines that there is no evidence that the Parties agreed to extend the time for filing of the underlying grievance; conversely, the evidence supports the finding that the Service properly raised the question of the timeliness of the grievance and perfected this objection to the grievance as required by Section 15.4.B of the Agreement.

The Arbitrator recognizes the premise that a grievance must be presumed arbitrable and he is reluctant to dismiss a grievance on technical grounds, as contrasted with addressing the Parties' substantive contentions regarding the dispute. The Arbitrator, however, also recognizes his obligation to apply the Agreement in accordance with the Parties' intent as expressed by the unambiguous language used by them to express their accord on this issue.

In consideration of these findings regarding the non-arbitrablitly of the underlying grievance, the Arbitrator determines that the proper disposition of this grievance does not require him to address the substantive contentions regarding the question of whether or not the Service had just cause to issue the Grievant the contested Notice of Removal. The Arbitrator, consequently, makes no finding, determination or ruling regarding the validity of the Parties' contention on this issue.

Based upon the findings and reasoning set forth in this Opinion, the Arbitrator makes the attached Award.

C00C-1C-D 04114132                10

A-000053

MERICAN POSTAL WORKERS UNION, AFL-CIO

Case 1:05-cv-00073-JJF   Document 34-3   Filed 02/23/2006   Page 12 of 48

1984

STEP 2
GRIEVANCE
APPEAL FORM

| 1 | DISCIPLINE NATURE OF OR CONTRACT ISSUE: Arts. 12, 19, 37, 13, LMOU | CRAFT: Clerk | DATE | LOCAL GRIEVANCE #: CLS-14-02 | USPS GRIEVANCE # |

| 2 | TO USPS STEP 2 DESIGNEE (NAME & TITLE) | INSTALLATION/SEC. CEN/BMC | | PHONE |

| 3 | FROM: LOCAL UNION (NAME OF) Wilmington De/MTS Area Local | ADDRESS P.O. Box 311 | CITY New Castle | STATE DE | ZIP 19720 |

| 4 | STEP 2 AUTHORIZED UNION REP. (NAME & TITLE) Courtland Stinson, VP | AREA CODE PHONE (OFFICE) ( 302 ) 322-8994 | AREA CODE PHONE (OTHER) ( 302 ) 323-0211 |

| 5 | LOCAL UNION ASSIGNEE Barbara Prothro, Trustee | AREA CODE PHONE (OFFICE) ( 302 ) 322-8994 | AREA CODE PHONE (OTHER) ( 302 ) 521-6496 |

**WHERE - WHEN    STEP 1 MEETING & DECISION    MET WITH**

| 6 | UNIT. SEC/BR. STA.OFC | DATE/TIME | USPS REP - SUPR | GRIEVANT AND/OR STEWARD |

| 7 | STEP 1 DECISION BY (NAME & TITLE) Linda Drummer, T2 Supr. | DATE & TIME 6/29/02 1320 | INITIALS AD 7/3/02 | INITIALING ONLY VERIFIES DATE OF DECISION |

| 8 | GRIEVANT PERSON OR UNION (NAME IN FULL) Wilson, Melinda G. | ADDRESS 28 Ashley Dr | CITY New Castle | STATE DE | 395 4854 |

| 9 | SOCIAL SEC. NO. 22152 2808 | SERVICE SENIORITY 4-21-85 | CRAFT Clerk | FTR-PTR-PTF ☒ ☐ ☐ | LEVEL 5 | STEP 0 | DUTY HRS 0930-1800 | OFF DAYS |

| 10 | JOB#/PAY LOCATION (UNIT/SEC/BR/STA.OFC) Mail Processor 215 | WORK LOCATION CITY AND ZIP CODE Wilmington, DE 19720 | SA ⓢ Ⓜ T W T F | LIFETIME SECURITY YES☐ NO☐ | VETERAN YES☐ NO☒ |

| 11 | Pursuant to Article 15 of the National Agreement we hereby appeal to Step 2 the following Grievance alleging a Violation of (but not limited to) the following: NATIONAL, (Art./Sec.) |

LOCAL MEMO (ART./SEC.) OTHER MANUALS, U/M MINUTES, ETC.

**12 DETAILED STATEMENT OF FACTS/CONTENTIONS OF THE GRIEVANT**

The Union contends that Mgmt. is in violation of the Nat'l Agreement, including, but not limited to Arts. 12, 13, 19, 37, and the LMOU. The Union became aware of this issue Thursday, 06-20-02. Grievant sustain an injury approx. 10 yrs. ago. She has been on limited since the mishap.

RECEIVED
LABOR RELATIONS

JUL 12 2002

U.S. POSTAL SERVICE
WILMINGTON, DE 19850-9401

DEPOSITION
EXHIBIT
Wilson 8
a 10-7-05

List of attached papers as identified

**13 CORRECTIVE ACTION REQUESTED**

That grievant, Melinda Wilson, be made whole in every way, including the 4 hrs. denied her on 06-18-02. She be re-imbursed any lost sick leave and annual leave due to her taking LWOP.

Darlene J. Denby
SIGNATURE & TITLE OF AUTHORIZED UNION REP.

A-000054

NO CARBON NECESSARY (UP TO 5 COPIES)

**PRE-ARB SETTLEMENT AGREEMENT**

**OFFICE:**

| | |
|---|---|
| **Name:** | C00C-1C-C02188086  DIST081 |
| **Issue:** | 12-JUL-02  CL51402 |
| **Union Grievance #:** | WILSON |
| **Management #:** | WILMINGTON  DE  19850  9993 |

As a result of our discussion of this date, it is hereby mutually agreed that the above referenced grievance is resolved in accordance with the following:

*To resolve this grievance, grievant shall receive $50.00.*

The above-cited language represents full and final settlement of the above-referenced grievance. This agreement is full and final settlement of the grievance and will not be appealed any further. It is mutually agreed that this settlement agreement is not to be cited as precedent by either party in any future grievance or arbitration case.

We have carefully read the above and fully agree this grievance is considered fully settled.

| | | | |
|---|---|---|---|
| _Jonathan L. Seth_ | 5/11/04 | _Mozett Stancell_ | 5/11/04 |
| Labor Relations | Date | Union Representative | Date |

cc:  Labor Relations
     File

A-000055

| 1 | DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE) Art 11 Holiday | CRAFT Clerk | DATE 12/27/02 | LOCAL GRIEVANCE C42530= | USPS GRIEVANCE 03078178 |

| 2 | TO USPS STEP 2 DESIGNEE (NAME & TITLE) DEBBIE KELLEY-BROWN, ELKR | INSTALLATION/SEC/BU/MC Delaware Processing Dist. Ctr | | | PHONE 323-2241 |

| 3 | FROM: LOCAL UNION (NAME OF) MALCOLM T SMITH AREA LOCAL | ADDRESS PO BOX 311 | CITY New Castle DE | STATE | ZIP 19720 |

| 4 | STEP 1 AUTHORIZED UNION REP. (NAME & TITLE) Barbara Prothro Trustee | | AREA CODE PHONE (OFFICE) (302) 323-0211 | AREA CODE PHONE (OTHER) (302) 323-0211 |

| 5 | LOCAL UNION PRESIDENT Barbara Prothro, Trustee | | AREA CODE PHONE (OFFICE) (302) 3228994 | AREA CODE PHONE (OTHER) (302) 3228994 |

| | WHERE - WHEN | STEP 1 MEETING & DECISION | MET WITH |

| 6 | UNIT/SEC/BA/STA/OFC | DATE/TIME | USPS REP - SUPR | GRIEVANT AND/OR STEWARD |

| 7 | STEP 1 DECISION BY (NAME & TITLE) Linda Drummer 200 | | DATE & TIME 1/6/03 10:37a | INITIALS LD | INITIALING ONLY VERIFIES DATE OF DECISION |

| 8 | GRIEVANT PERSON OR UNION (LAST NAME FIRST) Wilson, Melinda | ADDRESS 28 Ashley Dr | CITY New Castle | STATE DE | ZIP 19220 | PHONE 3954854 |

| 9 | SOCIAL SEC. NO. 221522808 | SERVICE SENIORITY 4-85 | CRAFT Mailproc | FTR·PTR·PTF X □ □ | LEVEL 5 | STEP O | DUTY HRS 0930-1800 | OFF DAYS SA 50(M) T W T F |

| 10 | JOB/PAY LOCATION (UNIT/SEC/BR/STA/OFC) 215 | WORK LOCATION CITY AND ZIP CODE Wilm DE PEDC 19850 | LIFETIME SECURITY YES ☒ NO □ | VETERAN YES □ NO ☒ |

11  Pursuant to Article 15 of the National Agreement we hereby appeal to Step 2 the following Grievance alleging a Violation of (but not limited to) the following: NATIONAL (Art/Sec)

LOCAL MEMO (ART/SEC) OTHER: MANUALS, POLICIES, I/M MINUTES, ETC.

Art 11   Lmou   Item 13

12  DETAILED STATEMENT OF FACTS/CONTENTIONS OF THE GRIEVANT

Grievant Volunteered to work her holiday Dec. 25, 2002 But was not Allowed. while Other Junior employees were Allowed to Work. This is A Violation of CBA.

RECEIVED
LABOR RELATIONS

JAN 6 2003

U.S. POSTAL SERVICE
WILMINGTON, DE 19850-9401

List of attached papers as identified

13  CORRECTIVE ACTION REQUESTED   Grievant Be made Whole And PAID Time And One half For 8 hrs For Time missed on Dec 25, 2002 Plus 50% As A Corrective Action.

SIGNATURE & TITLE (OPT)

A-000056

## PRE-ARBITRATION SETTLEMENT

| DATE: December 16 ~~September 24~~ , 2003 | OFFICE: WILM DEL | |
|---|---|---|
| REGIONAL NO: C00C1CC03078178 | GRIEVANT: Wilson | LOCAL NO. CC 255302 |
| UNION REPRESENTATIVE: Jim Burke | MANAGEMENT REPRESENTATIVE: Steve Malizia | |

*As a result of our discussion on this date, it is mutually agreed that the above cited grievance is resolved in accordance with the following:*

Grievant will be paid (8) hours at o.t. rate

*By virtue of this full and final settlement agreement, this document shall also serve as the union's official notification to management that it is withdrawing this case from the grievance arbitration process. Additionally, both parties agreed that this settlement is non-precedent setting and will not be cited by either in any subsequent grievance or arbitration hearing.*

_____
Union Representative    (Date)
Jim Burke, Coordinator
Eastern Region
American Postal Workers Union

Steve Malizia  12/16/03
_____
Management Representative    (Date)
Steve Malizia
Eastern Area Labor Relations
United States Postal Service

A 000057

| 1 | DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE)<br>ART 11 Holiday 30 | CRAFT<br>Clerk | DATE<br>1/2/03 | LOCAL GRIEVANCE<br>CL23010 3 | USPS GRIEVANCE<br>03078179 |
|---|---|---|---|---|---|

| 2 | TO USPS STEP 2 DESIGNEE (NAME & TITLE)<br>DEBBIE KELLEY-BROWN, EL&R | INSTALLATION/SEC/GEN/BMC<br>Delaware Processing Dist. Ctr | PHONE<br>323-2241 |
|---|---|---|---|

| 3 | FROM: LOCAL UNION (NAME OF)<br>MALCOLM T SMITH AREA LOCAL | ADDRESS<br>Po Box 311 | CITY<br>New Castle | STATE<br>DE | ZIP<br>19720 |
|---|---|---|---|---|---|

| 4 | STEP 1 AUTHORIZED UNION REP. - (NAME & TITLE)<br>Barbara Prothro Trustee | AREA CODE  PHONE (OFFICE)<br>(302 ) 323 0211 | AREA CODE  PHONE (OTHER)<br>(302 ) 323-0211 |
|---|---|---|---|

| 5 | LOCAL UNION PRESIDENT<br>Barbara Prothro, Trustee | AREA CODE  PHONE (OFFICE)<br>(302 ) 3228994 | AREA CODE  PHONE (OTHER)<br>(302 )3228994 |
|---|---|---|---|

WHERE - WHEN    STEP 1 MEETING & DECISION    MET WITH

| 6 | UNIT/SEC/BR/STA/OFC | DATE/TIME | USPS REP.- SUPR | GRIEVANT AND/OR STEWARD |
|---|---|---|---|---|

| 7 | STEP 1 DECISION BY (NAME & TITLE)<br>Linda Drummer, SDO | DATE & TIME<br>1/4/03  10.39 A | INITIALS<br>LD | INITIALING ONLY<br>VERIFIES<br>DATE OF DECISION |
|---|---|---|---|---|

| 8 | GRIEVANT PERSON OR UNION (LAST NAME INIT.)<br>Wilson Melinda | ADDRESS<br>28 Ashley Dr | CITY<br>New Castle | STATE<br>DE | ZIP<br>19720395484 |
|---|---|---|---|---|---|

| 9 | SOCIAL SEC. NO.<br>221522808 | SERVICE SENIORITY<br>4-85 | CRAFT<br>MPC | FTR · PTR · PTF<br>☒ ☐ ☐ | LEVEL<br>5 | STEP<br>O | DUTY HRS<br>930-18 | OFF DAYS<br>SA SU M T W T F |
|---|---|---|---|---|---|---|---|

| 10 | JOB & PAY LOCATION (UNIT/SEC/BR/STA/OFC)<br>215 | WORK LOCATION CITY AND ZIP CODE<br>DE PDC 19850 | LIFETIME<br>SECURITY<br>YES ☐ NO☐ | VETERAN<br>YES☐ NO☒ |
|---|---|---|---|---|

| 11 | Pursuant to Article 15 of the National Agreement we hereby appeal to Step 2 the following Grievance alleging a Violation of (but not limited to) the following: NATIONAL. (Art./Sec.)  Art 11 30 Lmou Item |
|---|---|

LOCAL MEMO (ART/SEC) OTHER MANUALS, POLICIES, I/M MINUTES. ETC.

13

12 DETAILED STATEMENT OF FACTS/CONTENTIONS OF THE GRIEVANT

Grievant Volunteered to work her holiday 1/1/03 and was not Allowed
To work. management allowed Junior
employees To work the union contends
This Violates the CBA art 11, 30 And
The Lmou.

RECEIVED
LABOR RELATIONS

JAN 6 2003

U.S. POSTAL SERVICE
WILMINGTON, DE 19850-9401

List of attached papers as identified

13 CORRECTIVE ACTION REQUESTED  Grievant Be made whole
In every way And Be Paid 8 h-s
Straight Time plus 50% as.
A Corrective Action.

A000058

## PRE-ARBITRATION SETTLEMENT

| DATE: Dec 16, 2003 ~~September 24~~ , 2003 | OFFICE: WILM DEL | |
|---|---|---|
| REGIONAL NO: C00 C1CC03078179 | GRIEVANT: UNION | LOCAL NO. CC230103 |
| UNION REPRESENTATIVE: Jim Burke | MANAGEMENT REPRESENTATIVE: Steve Malizia | |

*As a result of our discussion on this date, it is mutually agreed that the above cited grievance is resolved in accordance with the following:*

Grant will be paid (8) hours at straight time rate

*By virtue of this full and final settlement agreement, this document shall also serve as the union's official notification to management that it is withdrawing this case from the grievance arbitration process. Additionally, both parties agreed that this settlement is non-precedent setting and will not be cited by either in any subsequent grievance or arbitration hearing.*

_Jim Burke_

Union Representative    (Date)
Jim Burke, Coordinator
Eastern Region
American Postal Workers Union

_Steve Malizia_  12/16/03

Management Representative    (Date)
Steve Malizia
Eastern Area Labor Relations
United States Postal Service

A 000059

AMERICAN POSTAL WORKERS UNION, AFL-CIO
Case 1:05-cv-00073-JJF   Document 34-3   Filed 02/23/2006   Page 18 of 42
STEP 2
GRIEVANCE
APPEAL FORM
1984

| 1 | DISCIPLINE (NATURE OF) OR CONTRACT ISSUE | | DATE | LOCAL GRIEVANCE | USPS GRIEVANCE |
|---|---|---|---|---|---|
| | Art 11.6 | Clerk | 2/27/04 | # CL230504 | # |

2 TO USPS STEP 2 DESIGNEE (NAME & TITLE)
D.K. Brown

INSTALLATION/SEC. CEN./BMC
DP & DC 19850   CITY   PHONE

3 FROM: LOCAL UNION (NAME OF)
MT5/APWU   ADDRESS   P.O. Box 311 New Castle, DE 19720   ZIP

4 STEP 2 AUTHORIZED UNION REP. (NAME & TITLE)
Courtland Stinson   AREA CODE PHONE (OFFICE) (302)323-0211   AREA CODE PHONE (OTHER) (302)322-8994

5 LOCAL UNION PRESIDENT
Steve Collins   AREA CODE PHONE (OFFICE) (302)323-0211   AREA CODE PHONE (OTHER) (302)322-8994

**WHERE - WHEN        STEP 1 MEETING & DECISION        MET WITH**

| 6 | UNIT/SEC/BR/STA/OFC | DATE/TIME | USPS REP - SUPR | GRIEVANT AND/OR STEWARD |
|---|---|---|---|---|
| | manuals | | | Wilson / McLaughlin |

7 STEP 1 DECISION BY (NAME & TITLE)        DATE & TIME        INITIALS   INITIALING ONLY VERIFIES

8 GRIEVANT PERSON OR UNION (Last Name First)   ADDRESS   CITY   STATE   DATE OF DECISION
Wilson, Melinda G.   28 Ashby Dr   New Castle,   DE   981307-9

| 9 | SOCIAL SEC. NO. 2808 | SERVICE SENIORITY 4-85 | CRAFT Clerk | FTR - PTR - PTF ☑ ☐ ☐ | LEVEL 5 | STEP 0 | DUTY HRS 7-3:30 | OFF DAYS |
|---|---|---|---|---|---|---|---|---|

SA SU M T W T F
10 JOB#/PAY LOCATION (UNIT/SEC/BR/STA/OFC) 215   WORK LOCATION CITY AND ZIP CODE WCLM 19850   LIFETIME SECURITY YES☐ NO☐   VETERAN YES☐ NO☐

11 Pursuant to Article 15 of the National Agreement we hereby appeal to Step 2 the following Grievance alleging a Violation of (but not limited to) the following: NATIONAL, (Art./Sec.)
LOCAL MEMO (ART./SEC.) OTHER MANUALS, POLICIES, L/M MINUTES, ETC.
11.6   ELM   LMOU

12 DETAILED STATEMENT OF FACTS/CONTENTIONS OF THE GRIEVANT

It is the Unions Contention
That management Improperly Scheduled
For The holiday of 2/16/04
Presidents Day. Grievant Volunteered To
work her holiday and Non Scheduled Day
But was Not Put on the List. Instead
Management Worked Pat King in Grievants
Section 043, 045, 030

of attached papers as identified

13 CORRECTIVE ACTION REQUESTED   Grievant Be made whole in
every way Be paid 8 hrs holiday And
8 hours Time and one half

A-000060

SIGNATURE [signature]

7-21-81   NO CARBON NECESSARY (UP TO 5 COPIES)

**UNITED STATES**
**POSTAL SERVICE**

# STEP II SETTLEMENT

UNION:

STEP II DESIGNEE:

MANAGEMENT DESIGNEE:

GRIEVANT:

GRIEVANCE NO:

DATE OF DECISION:

C00C-1C-C04089930 DIST081
05-MAR-04 CL230304
WILSON
WILMINGTON DE 19850 9997

As a result of our discussion this date, it is mutually agreed that the above-cited grievance is
resolved, in accordance with the following:

*The grievant's non-scheduled are Sunday/Monday. He was taking was Saturday 2/14/04. The clerk King's holiday was Monday 2/16/04 with non scheduled days & Tuesday/Wednesday. Management is not obligated to schedule the grievant for overtime on 2/16/04.*

Both parties agree that this settlement is non-precedent setting and will not be cited, by either,
in any subsequent grievance or arbitration hearing.

_____ 3/18/04                _____
MANAGEMENT SIGNATURE                     UNION REPRESENTATIVE

                                         3/18/04

cc:   X   Plant Manager                        X   Union
      X   Managers, Distribution Operations 1, 2 & 3    X   Grievance File
      X   Labor Relations                      X   Personnel

This letter is official notification for you to implement the terms of this settlement agreement, as
indicated above:

      PSDS Supervisor                          X   Step I Supervisor
      PS Form # 2243 attached

A-000061

12/29/03
1:56 pm

RECEIVED
LABOR RELATIONS

DEC 3 1 2003

U.S. POSTAL SERVICE

On December 23, 2003, I Melinda G. Wilson, was called into the MDO office to see Carla Van Istendal. My shop steward was Leon Tucker. Carla informed me that my limited duty was denied and she would not accommodate me with light duty. I injured myself at work on 1/5/95 with an acceptable claim # of 030205375. After this date I had a reaccurrence on 10/4/02 and put the wrong DOI on my forms. Therefore I was given a new claim # of 030211732 which in fact was denied. Still I was offered a job on 12/4/02 by Linda Drummer my SDO and Shared Services. I accepted this job. Yet on 12/23/03 Carla Van Istendal is saying the job offer is now void and that I had to leave the premises and not return unless I was back to full duty. I have been on this job since 10/4/02.

I want to be paid from Dec. 23, 2003 from the time management ended my tour until I am allowed to return to work.

Melinda G Wilson
MELINDA G. WILSON
2215 2 2808

A-000062

# AMERICAN POSTAL WORKERS UNION, AFL-CIO

1984

| 1 | DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE) | | | | CRAFT | DATE | LOCAL GRIEVANCE | USPS GRIEVANCE |
|---|---|---|---|---|---|---|---|---|
| | Artic 13,2,5, 8,11,15,17,19,31,37, & more | JCAM ELM | | | Clerk | | #CL1622-03 # | # |

2 TO USPS STEP 2 DESIGNEE (NAME & TITLE)   Debbie Kelly Brown
INSTALLATION/SEC. CEN /BMC   WP + DC  19850
PHONE   323-2241

3 FROM: LOCAL UNION (NAME OF)   MTS/APWU   ADDRESS   P.O. Box 311   CITY   New Castle, De.   STATE   ZIP  19720   323-0211

4 STEP 2 AUTHORIZED UNION REP. (NAME & TITLE)   V.P. Courtland S. Stinson
AREA CODE  PHONE (OFFICE)  (302) 323-0211
AREA CODE  PHONE (OTHER)  (302) 322-8994

5 LOCAL UNION PRESIDENT   Steven C. Collins
AREA CODE  PHONE (OFFICE)  (302) 323-0211
AREA CODE  PHONE (OTHER)  (302) 322-8994

WHERE - WHEN   **STEP 1 MEETING & DECISION**   MET WITH

6 UNIT/SEC/BR/STA/OFC | DATE/TIME | USPS REP.- SUPR   Linda Drummer | GRIEVANT AND/OR STEWARD   Wilson/Stinson

7 STEP 1 DECISION BY (NAME & TITLE)   Carla M. Van Tienden   MDO   DATE & TIME  12/31/03 13:36   INITIALS  (LA)   INITIALING ONLY - VERIFIES   DATE OF DECISION

8 GRIEVANT PERSON OR UNION (Last Name First)   Wilson, Melinda G.   ADDRESS  28 Ashley Dr   CITY  New Castle, DE  STATE  19720   PHONE  302 395 4854 (H)  302 481 3029 (C)

9 SOCIAL SEC. NO  2808   SERVICE SENIORITY  4/85  CRAFT  FTR  PTR  PTF (☑️□□)  LEVEL  5  STEP  0  DUTY HRS  7-3:30  OFF DAYS  SA (SU) M  T  W  T  F

10 JOB#/PAY LOCATION (UNIT/SEC/BR/STA/OFC)  215   WORK LOCATION CITY AND ZIP CODE   Wilm DE P&DC 19850   LIFETIME SECURITY  YES☑️ NO☑️   VETERAN  YES☑️ NO☑️

11 Pursuant to Article 15 of the National Agreement we hereby appeal to Step 2 the following Grievance alleging a Violation of (but not limited to) the following: NATIONAL, (Art./Sec.)
LOCAL MEMO (ART./SEC.) OTHER MANUALS. POLICIES. L/M MINUTES. ETC.

12 DETAILED STATEMENT OF FACTS/CONTENTIONS OF THE GRIEVANT

On 12-23-03, Ms Wilson was called into the MDO's office to see MDO C. Van Tienendal. Present in room was foreman Leon Ruger for Ms Wilson. Ms Van Tienendal informed Ms Wilson that her limited duty claim was denied and Van Tienendal would not accommodate Ms Wilson with light duty. On 1-5-95, Ms Wilson injured herself on the job and was given an accepted claim #030205375. After this date, Ms Wilson (see attached)

List of attached papers as identified

13 CORRECTIVE ACTION REQUESTED

Mgmt. will pay Ms. Wilson for "All" loss hours of work and delete file from Ms. Wilson's employment on 12-23-03, until Ms Wilson's return to work on 1-2. Grievant Wilson to be made whole in every way.

SIGNATURE & TITLE OF AUTHORIZED UNION REP.   [signature]

G-2-7.21.81   **NO CARBON NECESSARY (UP TO 5 COPIES)**

A-000063

CL 16-22-03

BACKground: Had a reaccurrance on the job injury on 10-4-02 and she placed the wrong date of injury on her claim forms. Therefore, Ms Wilson was given a new claims # of 030211732. This claim # was also denied. However, Ms Wilson was offered a job offer of accommodation for her for the job injury on 12-4-02, by Ms Wilson's immediate SPO - Linda Drummer and Shared Services.

Ms Wilson did accept the job offer of accommodation.

A year later on 12-23-03, MDO Carla Van Astendal informed Ms Wilson in the presents of shop steward Deon Tucker that the job offer that Ms Wilson had accepted one year before and was currently working was now null-AND-void.

On 12-23-03, Ms. Wilson was ordered by Ms Van Astendal to leave the premises of the

A-000064

CL-16-22-03

BACKGround: Quigley Blvd postal facility and NOT to return un-less Ms Wilson was return-ing back to full duty status. The Union strongly contends that mgmt. is in direct vio-lation of articles 13, 2, 5, 8, 11, 15, 17, 19, 31, 37, JCAM, ELM, LMOU.

When mgmt. out-right denied Ms Wilson the right to apply for light duty accommodations for 12-23-03.

Mgmt. as of 12-23-03, did NOT Allow Ms Wilson to exercise her basic right to apply for light duty accommodations.

On 12-23-03, when Ms Van As-tendal informed Ms Wilson that she would NOT accommo-date Ms Wilson with light duty. It was at that time that Ms Van Astendal failed to establish ANY NeXus for Miss Wilson or Mr Tucker in the form of documentation in order Ms Wilson off postal premises/clock.

A-000065

The Union also contends at step III what might allowed Ms Wilson to work their job offer to Ms Wilson of reasonable accommodations for over a one year period before Ms. Van Astendal informed Ms. Wilson what her accommodation was null and void on 12-23-03.

A-000066

| 1 | DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE) | | CRAFT | DATE | LOCAL GRIEVANCE # | USPS GRIEVANCE # |
|---|---|---|---|---|---|---|
| | Art 16-19 | | Clerk | 2/21/04 | #CC230204 | #040846S1 |

| 2 | TO USPS STEP 2 DESIGNEE (NAME & TITLE) | INSTALLATION/SEC. CEN./BMC | PHONE |
|---|---|---|---|
| | D.K. Brown | DP DC 19850 | |

| 3 | FROM: LOCAL UNION (NAME OF) | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| | MTS/APWU | P.O. Box 311 | New Castle | DE | 19720 |

| 4 | STEP 2 AUTHORIZED UNION REP. - NAME & TITLE | AREA CODE PHONE (OFFICE) | AREA CODE PHONE (OTHER) |
|---|---|---|---|
| | Courtland Stinson | (302)323-0211 | (302)322-8994 |

| 5 | LOCAL UNION PRESIDENT | AREA CODE PHONE (OFFICE) | AREA CODE PHONE (OTHER) |
|---|---|---|---|
| | Steve Collins | (302)323-0211 | (302)322-8994 |

### WHERE - WHEN    STEP 1 MEETING & DECISION    MET WITH

| 6 | UNIT/SEC/BR/STA/OFC | DATE/TIME | USPS REP - SUPR | GRIEVANT AND/OR STEWARD |
|---|---|---|---|---|
| | | | | |

| 7 | STEP 1 DECISION BY (NAME & TITLE) | DATE & TIME | INITIALS | INITIALING ONLY VERIFIES DATE OF DECISION |
|---|---|---|---|---|
| | | | | |

| 8 | GRIEVANT, PERSON OR UNION (List Name here) | ADDRESS | CITY | STATE | PHONE |
|---|---|---|---|---|---|
| | Wilson Melinda | 28 Ashley Dr | Newcastle | DE | 325-4854 |

| 9 | SOCIAL SEC. NO. | SERVICE SENIORITY | CRAFT | FTR - PTR - PTF | LEVEL | STEP | DUTY HRS | OFF DAYS | S M T W T F | LIFETIME SECURITY | VETERAN |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2808 | 4-55 | Clerk | ☒ ☐ ☐ | 5 | O | 7-330 | Sa Su | | YES ☐ NO☐ | YES ☐ NO☒ |

| 10 | JOB/PAY LOCATION (UNIT/SEC/BR/STA/OFC) | WORK LOCATION CITY AND ZIP CODE |
|---|---|---|
| | 215 | DE PDC WILMINGTON, DE 19850 |

| 11 | Pursuant to Article 15 of the National Agreement we hereby appeal to Step 2 the following Grievance alleging a Violation of (but not limited to) the following: NATIONAL, (Art./Sec.) |
|---|---|
| | U.S. POSTAL SERVICE RECEIVED FEB 27 2004 LABOR RELATIONS |

LOCAL MEMO (ART./SEC.) OTHER MANUALS, POLICIES, L/M MINUTES, ETC.
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

12 DETAILED STATEMENT OF FACTS/CONTENTIONS OF THE GRIEVANT

The Union Became Aware That management
was going To charge Grievant with Awol
For The period of 12/27/03 Thru
2/2/04. It is the Unions Contention
That since the Grievant was Following management
Instructions The Time period In Question
Should Be Administrative Leave. Employee
Should Not Be charged Awol For Following Inst-
ructions.

List of attached papers as identified

13 CORRECTIVE ACTION REQUESTED

Employee Be made Whole, Paid
Admin Leave For Lwop Hours In Question
Recredited Sick & Annual All Records
Reflect Admin Leave Not Awol

A-000067

NO CARBON NECESSARY (UP TO 5 COPIES)

SIGNATURE & TITLE OF AUTHORIZED UNION REP.
Patrick McFadl

**UNITED STATES POSTAL SERVICE®**

# Request for or Notification of Absence

| Employee's Name (Last, First, M.I.) | Social Security No. | Date Submitted | No. of Hours Requested | | Scheduled | | PP | Year |
|---|---|---|---|---|---|---|---|---|
| Wilson, Melinda G | 221 62 2808 | 11/5/03 | 2 | | | | 20 | 03 |

| | N/S Day | Pay Loc. # | D/A Code | From Date | Hour | | | Day | Init. | Hours |
|---|---|---|---|---|---|---|---|---|---|---|
| Installation (For PM leave, show city, state, and ZIP code) Wilmington DE 19850 | | 215 | 110 | 11-5 | 1300 | | | Sat 01 | | |
| Time of Call or Request | Scheduled Reporting Time 17.00 | Employee Can Be Reached At: (If needed) ☐ No Call | | Thru Date 11-5 | Hour 1550 | | | Sun 02 | | |
| | | | | | | | | Mon 03 | | |

| Type of Absence | Documentation (For official use only) | Revised Schedule for: (Date) | Approved in Advance ☐ Yes ☐ No | | Tue 04 | |
|---|---|---|---|---|---|---|
| ☐ Annual | ☑ For FMLA Leave (Certification reviewed) OK | | | | Wed 05 | 0 29 |
| ☐ Carrier 701 Rule | ☐ For COP Leave (CA1 on file) | Begin Work | | | Thur 06 | |
| ☐ LWOP (See reverse) | ☐ For Advanced Sick Leave (1221 on file) | | | | Fri 07 | |
| ☑ Sick (See reverse) | ☐ For Military Leave (Orders reviewed) | Lunch-Out | | | Sat 08 | |
| ☐ Late | ☐ For Court Leave (Summons reviewed) | Lunch-In | ENTERED | | Sun 09 | |
| ☐ COP | ☐ For Higher Level (1723 on file) | End Work | ERMS | | Mon 10 | |
| ☑ Other: FMLA | ☐ Scheme Training Testing, Qualifying (Memo on file) | | | | Tue 11 | |
| Remarks (Do not enter medical information) No Lunch | | Total Hours | | | Wed 12 | |

I understand that the annual leave authorized in excess of amount available to me during the leave year will be changed to LWOP.

| Employee's Signature and Date 11/5/03 | Signature of Person Recording Absence and Date | Signature of Supervisor and Date Notified |
|---|---|---|
| *Melinda Wilson* | | *[signature]* 11/5/03 |

## Official Action on Application (Return copy of signed request to employee)

| | | | Thur 13 | |
|---|---|---|---|---|
| ☐ Approved, not FMLA* | ☑ Approved, FMLA (See Publication 71) | ☐ Approved FMLA, Pending Documentation Noted on Reverse | Signature of Supervisor and Date 11-6-03 | Fri 14 |
| ☐ Disapproved (Give reason): | | *J M Bucci* | | |
| ☐ Ineligible for FMLA (Estimate eligibility date): _____ | | ☐ Continued on Reverse | | |

PS Form **3971**, April 2001 (Page 1 of 2)

Warning: The furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both. (18 U.S.C. 1001)



DEPOSITION EXHIBIT
Wilson 13
10-7-05

A-000068

511

Request for or Notification of Absence

| Employee's Name (Last, first, M.I.) | Social Security No. | Date Submitted | No. of Hours Requested | | | Year |
|---|---|---|---|---|---|---|
| WILSON, MELISSA | | 12/05/2003 | 26 | | | 2003 |

| Installation (For PM leave, show city, state and ZIP code) | N/S Day | Pay Loc. # | D/A Code | From Date | Hour | | | | Day | Init. | Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 09-6821 - DELAWARE P&DF | | 215 | 11-0 | 12/05/2003 | 07:00 | | | | SAT | | |

| Time of Call or Request | Scheduled Reporting Time | Employee Can Be Reached At (If needed) | | Thru Date | Hour | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06:09 | 07:00 | (302) 395-4854 | ☐ No Call | 12/05/2003 | 15:30 | | | | SUN | | |

Type of Absence | Documentation (For official use only) | Revised Schedule for (Date) | Approved in Advance
☐ Annual
☐ Carrier 701 Rule
☐ LWOP (See reverse)
☒ Sick (See reverse)
☐ Late
☐ COP
☒ Other: FSL

Documentation (For official use only)
☒ For FMLA Leave (Certification reviewed)
☐ For COP Leave (CA1 on file)
☐ For Advanced Sick Leave (1221 on file)
☐ For Military Leave (Orders reviewed)
☐ For Court Leave (Summons reviewed)
☐ For Higher Level (1723 on file)
☐ Scheme Training Testing, Qualifying (Memo on file)

| | MON |
| Begin Work | TUE |
| Lunch-Out | WED |
| Lunch-In | THU |

Approved in Advance  ☐ Yes  ☐ No

| | | | | | Day | Init. | Hours |
| Remarks (Do not enter medical information) | End Work | | | ☒ | FRI | 10 | 8 | 86 |
| NOT IOD, FMLA LEAVE | | | | | SAT | | | 29 |
| WRH | Total Hours | | | | SUN | | |

I understand that the annual leave authorized in excess of amount available to me during the leave year will be changed to LWOP.

| Employee's Signature and Date | Signature of Person Recording Absence and Date | Signature of Supervisor and Date Notified | MON | | |
|---|---|---|---|---|---|
| M Wilson 12/4/03 | | [signature] 12/29/03 | TUE | | |

Official Action on Application (Return copy of signed request to employee)

| | | | WED | | |
| ☐ Approved, not FMLA* | ☒ Approved FMLA, Pending | Signature of Supervisor and Date 12-5-03 | THU | | |
| | Documentation Noted on Reverse | | | | |
| ☐ Approved, FMLA (See Publication 71) | | [signature] | FRI | | |
| ☐ Disapproved (Give Reason) | | | | | |

☐ Ineligible for FMLA (Estimate eligibility date): _____    ☐ Continued on Reverse

PS Form 3971, April 2001

Warning : The furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment for not more than five years, or both. (18 USC 1001)

---

During This Absence, I Was Incapacitated for Duty by:
☐ Sickness
☐ On-the-Job Injury
☐ Off-the-Job Injury
☐ Pregnancy and Confinement

☐ Undergoing Medical, Dental, or Optical Examination or Treatment (Job related)
☐ Undergoing Medical, Dental, or Optical Examination or Treatment (Not job related)

During This Absence, I Was Unavailable for Duty Because
☐ Sick Leave for Dependent Care
☐ Birth of Child - Bonding
☐ Placement of a Child with Employee for Adoption or Foster Care

Additional Information Regarding Denial of Leave Protection Under FMLA
☐ Employee Not Eligible - Less than 1250 Hours Worked.
☐ Employee Not Eligible - Not Employed with USPS 1 Year.
☐ Employee Has Exhausted FMLA Entitlement in Current Leave Year.
☐ Absence Not for a Covered Condition.
☐ Absence Not for a Covered Family Member.
☐ Requested Documentation Not Provided.
☐ Documentation Provided. Does Not Meet Criteria for FMLA Protection

Additional Documentation Required

| Leave Types (Information Only) | | | | | PP | Year |
|---|---|---|---|---|---|---|
| Leave Type | Time Card Code | PSDS Code | | | | |
| AL - FMLA | 55/01 | 32 | | | Day | Init. | Hours |
| SL - FMLA | 56/02 | 33 | | | SAT | | |
| LWOP - FMLA - Part Day | 59/05 | 36 | | | SUN | | |
| LWOP - FMLA - Full Day | 60/06 | 37 | | | MON | | |
| LWOP - Lieu of Sick Leave | 59/60 | 20 | | | | | |
| LWOP - Proffered | 59/60 | 21 | | | TUE | | |
| LWOP - Personal Reasons | 59/60 | 22 | | | WED | | |
| LWOP - Part Day | 59 | 23 | | | | | |
| LWOP - Full Day | 60 | 23 | | | THU | | |
| LWOP - AWOL | 59/60 | 24 | | | FRI | | |
| LWOP - IOD (Not FMLA) - OWCP | 49 | 25 | | | SAT | | |
| LWOP - Maternity | 59/60 | 26 | | | | | |
| LWOP - Suspension | 59/60 | 27 | | | SUN | | |
| LWOP - Union Official | 84 | 28 | | | MON | | |
| LWOP - Suspension Pending Termination | 59/60 | 29 | | | TUE | | |
| Continuation of Pay - USPS | 71 | 29 | | | | | |
| Continuation of Pay - USPS-FMLA | 71/03 | 34 | | | WED | | |
| Continuation of Pay - FMLA-IOD-OWCP | 49/04 | 35 | | | THU | | |
| Court Duty | 61 | 04 | | | FRI | | |
| Military Leave | 67 | 05 | | | | | |
| Postmaster's Organization | 89 | 08 | | | | | |
| Blood Donor Leave | 69 | 09 | | | | | |
| Other Paid Leave | 86 | 10 | | | | | |
| Convention Leave | 66 | 12 | | | | | |
| Acts of God | 78 | 13 | | | | | |
| Veteran's Funeral | 86 | 10 | | | | | |
| Relocation | 80 | 15 | | | | | |
| Civil Defense | 77 | 16 | | | | | |
| Civil Disorder | 81 | 17 | | | | | |
| Voting Leave | 85 | 18 | | | | | |

Privacy Act: The collection of this information is authorized by 39 USC 401, 1001, 1003, 1005; 5 USC 8339; and Public Law 103-3. This information will be used to grant or deny your request for official leave from Postal Service duty. It may be disclosed under the routine uses given in Privacy Act system notices USPS 050.020 and USPS 120.070 (see appendix of Administrative Support Manual or, if you wish to obtain a copy of these notices contact your personnel office). Completion of this form is voluntary. If this information is not provided, official leave may not be granted.

PS Form 3971, April 2001 (Reverse)



DEPOSITION EXHIBIT
Wilson 14
- 10-7-05

A-000069

5/3

MW0513

PS Form 3971, April 2001 (Page 1 of 2)

Installation (For PM leave, show city, state, and ZIP code)

| Time of Call or Request | Scheduled Reporting Time 15.00 | Employee Can Be Reached At (if needed) | | Revised Schedule for (Date) | Approved in Advance |
|---|---|---|---|---|---|

☐ No Call

**Type of Absence**
☐ Annual
☐ Carrier 701 Rule
☐ LWOP (See reverse)
☒ Sick (See reverse)
☐ Late
☐ COP
☒ Other: *FMLA*

**Documentation (For official use only)**
☒ For FMLA Leave (Certification reviewed)
☐ For COP Leave (CA1 on file)
☐ For Advanced Sick Leave (1221 on file)
☐ For Military Leave (Orders reviewed)
☐ For Court Leave (Summons reviewed)
☐ For Higher Level (1723 on file)
☐ Scheme Training Testing, Qualifying (Memo on file)

Begin Work
Lunch-Out
Lunch-In
End Work
Total Hours

Remarks (Do not enter medical information)

I understand that the annual leave authorized in excess of amount available to me during the leave year will be changed to LWOP.

Employee's Signature and Date — Signature of Person Recording Absence and Date — Signature of Supervisor and Date Notified

**Official Action on Application** (Return copy of signed request to employee)
☐ Approved, not FMLA*
☒ Approved, FMLA (See Publication 71)
☐ Approved FMLA, Pending Documentation Noted on Reverse
☐ Disapproved (Give reason):
☐ Ineligible for FMLA (Estimate eligibility date):

Signature of Supervisor and Date

☐ Continued on Reverse

Warning: The furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both. (18 U.S.C. 1001)

---

**UNITED STATES POSTAL SERVICE**

## Request for or Notification of Absence

| Employee's Name (Last, First, M.I.) Wilson, Melinda | Social Security No. 2808 | Date Submitted 12/17/03 | No. of Hours Requested 4 |
|---|---|---|---|

Installation (For PM leave, show city, state, and ZIP code) DE 19850   N/S Day 2-3   Pay Loc. # 215   D/A Code 110   From Date 12/17   Hour 11.0   Thru Date 12/17   Hour 15.00

| Time of Call or Request 07.00 | Scheduled Reporting Time | Employee Can Be Reached At (if needed) | Revised Schedule for (Date) | Approved in Advance ☐ Yes ☐ No |
|---|---|---|---|---|

☐ No Call

**Type of Absence**
☐ Annual
☐ Carrier 701 Rule
☐ LWOP (See reverse)
☒ Sick (See reverse)
☐ Late
☐ COP
☐ Other *FMLA*

**Documentation (For official use only)**
☒ For FMLA Leave (Certification reviewed)
☐ For COP Leave (CA1 on file)
☐ For Advanced Sick Leave (1221 on file)
☐ For Military Leave (Orders reviewed)
☐ For Court Leave (Summons reviewed)
☐ For Higher Level (1723 on file)
☐ Scheme Training Testing, Qualifying (Memo on file)

Begin Work
Lunch-Out
Lunch-In
End Work
Total Hours

Remarks (Do not enter medical information)

I understand that the annual leave authorized in excess of amount available to me during the leave year will be changed to LWOP.

Employee's Signature and Date — Signature of Person Recording Absence and Date — Signature of Supervisor and Date Notified

**Official Action on Application** (Return copy of signed request to employee)
☐ Approved, not FMLA*
☒ Approved, FMLA (See Publication 71)
☐ Approved FMLA, Pending Documentation Noted on Reverse
☐ Disapproved (Give reason):
☐ Ineligible for FMLA (Estimate eligibility date):

Signature of Supervisor and Date

☐ Continued on Reverse

PS Form 3971, April 2001 (Page 1 of 2)

Warning: The furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both. (18 U.S.C. 1001)


DEPOSITION EXHIBIT
Wilson 15
Q 10-7-05

A-000070   512

EXHIBIT

# UNITED STATES POSTAL SERVICE

# Request for or Notification of Absence

| Employee's Name (Last, first, M.I.) WILSON, MELINDA G | Social Security No. 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 | Date Submitted 12/18/2003 | No. of Hours Requested 8.00 | | | Scheduled | Un-Scheduled | PP 1 | Year 2004 |
|---|---|---|---|---|---|---|---|---|---|

Installation (For PM leave, show city, state and ZIP code)
09-6821 - DELAWARE P&DF

N/S Day | Pay Loc. # 215 | D/A Code 11-0 | From Date 12/18/2003 | Hour 07:00

| | | Day | Init. | Hours |
|---|---|---|---|---|
| | SAT | | | |

Time of Call or Request 06:05 | Scheduled Reporting Time 07:00 | Employee Can Be Reached At (302) 395-4854 ☐ No Call | Thru Date 12/18/2003 | Hour 15:30

SUN / MON / TUE / WED

THU x 10 8 16

Type of Absence:
☐ Annual
☐ Carrier 701 Rule
☐ LWOP (See reverse)
☒ Sick (See reverse)
☐ Late
☐ COP
☒ Other: FSL

Documentation (For official use only)
☒ For FMLA Leave (Certification reviewed)
☐ For COP Leave (CA1 on file)
☐ For Advanced Sick Leave (1221 on file)
☐ For Military Leave (Orders reviewed)
☐ For Court Leave (Summons reviewed)
☐ For Higher Level (1723 on file)
☐ Scheme Training Testing, Qualifying (Memo on file)

Revised Schedule for (Date)
Approved in Advance ☐ Yes ☐ No

Begin Work / Lunch-Out / Lunch-In / End Work / Total Hours

Remarks (Do not enter medical information)
NOT IOD; FMLA LEAVE
WRH

I understand that the annual leave authorized in excess of amount available to me during the leave year will be changed to LWOP.

Employee's Signature and Date | Signature of Person Recording Absence and Date 12/18/03 | Signature of Supervisor and Date Notified

Official Action on Application (Return copy of signed request to employee)
☐ Approved, not FMLA*
☐ Approved, FMLA (See Publication 71)
☐ Approved FMLA, Pending Documentation Noted on Reverse.
Signature of Supervisor and Date AmBucci 12-18-03
☐ Disapproved (Give Reason):
☐ Ineligible for FMLA (Estimate eligibility date):
☐ Continued on Reverse

Warning: The furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both. (18 U.S.C. 1001)

PS Form 3971, April 2001

---

During This Absence, I Was Incapacitated for Duty by:
☐ Sickness ☐ Undergoing Medical, Dental, or Optical Examination or Treatment (Job related)
☐ On-the-Job Injury
☐ Off-the-Job Injury
☐ Pregnancy and Confinement ☐ Undergoing Medical, Dental, or Optical Examination or Treatment (Not job related)

During This Absence, I Was Unavailable for Duty Because
☐ Sick Leave for Dependent Care ☐ Placement of a Child with Employee for Adoption or Foster Care
☐ Birth of Child - Bonding

Additional Information Regarding Denial of Leave Protection Under FMLA
☐ Employee Not Eligible - Less than 1250 Hours Worked.
☐ Employee Not Eligible - Not Employed with USPS 1 Year.
☐ Employee Has Exhausted FMLA Entitlement in Current Leave Year.
☐ Absence Not for a Covered Condition.
☐ Absence Not for a Covered Family Member.
☐ Requested Documentation Not Provided.
☐ Documentation Provided. Does Not Meet Criteria for FMLA Protection

Additional Documentation Required

| Leave Type | Time Card Code | PSDS Code |
|---|---|---|
| AL- FMLA | 55/01 | 32 |
| SL-FMLA | 56/02 | 33 |
| LWOP - FMLA - Part Day | 59/05 | 36 |
| LWOP - FMLA - Full Day | 60/06 | 37 |
| LWOP - Lieu of Sick Leave | 59/60 | 20 |
| LWOP - Proffered | 59/60 | 21 |
| LWOP - Personal Reasons | 59/60 | 22 |
| LWOP - Part Day | 59 | 23 |
| LWOP - Full Day | 60 | 23 |
| LWOP - AWOL | 59/60 | 24 |
| LWOP - IOD (Not FMLA) -OWCP | 49 | 25 |
| LWOP - Maternity | 59/60 | 26 |
| LWOP - Suspension | 59/60 | 27 |
| LWOP - Union Official | 84 | 28 |
| LWOP - Suspension Pending Termination | 59/60 | 29 |
| Continuation of Pay - USPS | 71 | 03 |
| Continuation of Pay - USPS-FMLA | 71/03 | 34 |
| Continuation of Pay - FMLA-IOD-OWCP | 49/04 | 35 |
| Court Duty | 61 | 04 |
| Military Leave | 67 | 05 |
| Postmaster's Organization | 89 | 08 |
| Blood Donor Leave | 69 | 09 |
| Other Paid Leave | 86 | 10 |
| Convention Leave | 66 | 12 |
| Acts of God | 78 | 13 |
| Veteran's Funeral | 86 | 10 |
| Relocation | 80 | 15 |
| Civil Defense | 77 | 16 |
| Civil Disorder | 81 | 17 |
| Voting Leave | 85 | 18 |

Privacy Act: The collection of this information is authorized by 39 USC 401,1001, 1003, 1005; 5 USC 8339; and Public Law 103-3. This information will be used to grant or deny your request for official leave from Postal Service duty. It may be disclosed under the routine uses given in Privacy Act system notices USPS 050.020 and USPS 120.070 (see appendix of Administrative Support Manual) or, if you wish to obtain a copy of these notices contact your personnel office). Completion of this form is voluntary. If this information is not provided, official leave may not be granted.

A-000071

5/4

PS Form 3971, April 2001 (Reverse)

 **UNITED STATES POSTAL SERVICE**

# Request for or Notification of Absence

**EXHIBIT**

| Employee's Name (Last, First, M.I.) WILSON, MELINDA G | Social Security No. 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 | Date Submitted 12/19/2003 | No. of Hours Requested 8.00 |
|---|---|---|---|

| Installation (For Office, show city, state and ZIP code) 09-6R2I - DELAWARE P&DF | N/S Day | Pay Loc. # 215 | D/A Code 11-0 | From Date 12/19/2003 | Hour 07:00 |

| Time of Call or Request 07:21 | Scheduled Reporting Time 07:00 | Employee Can Be Reached At (If needed) (302) 395-4854 | No Cal | Thru Date 12/19/2003 | Hour 15:30 |

PP 1    Year 2004

**Type of Absence**
- [ ] Annual
- [ ] Carrier 701 Rule
- [ ] LWOP (See reverse)
- [x] Sick (See reverse)
- [ ] Late
- [ ] COP
- [ ] Other [SL]

**Documentation (For official use only)**
- [x] For FMLA Leave (Certification reviewed)
- [ ] For COP Leave (CA1 on file)
- [ ] For Advanced Sick Leave (1221 on file)
- [ ] For Military Leave (Orders reviewed)
- [ ] For Court Leave (Summons reviewed)
- [ ] For Higher Level (1723 on file)
- [ ] Scheme Training Testing, Qualifying (Memo on file)

Revised Schedule for (Date)

Approved in Advance [ ] Yes [ ] No

Begin Work
Lunch-Out
Lunch-In
End Work
Total Hours

**Remarks (Do not enter medical information)**
NOT IOD, FMLA LEAVE MAP

I understand that the annual leave authorized in excess of amount available to me during the leave year will be changed to LWOP.

Employee's Signature and Date 12/19
Signature of Person Recording Absence and Date
Signature of Supervisor and Date Notified 12/19/03

**Official Action on Application (Return copy of signed request to employee)**
- [ ] Approved, not FMLA*
- [ ] Approved, FMLA (See Publication 71)
- [ ] Approved FMLA, Pending Documentation Noted on Reverse
- [ ] Disapproved (Give Reason):
- [ ] Ineligible for FMLA (Estimate eligibility date):

Signature of Supervisor and Date  12-23-03

[ ] Continued on Reverse

PS Form 3971, April 2001

Warning: The furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment for not more than 5 years, or both. (18 U.S.C. 1001)

---

**During This Absence, I Was Incapacitated for Duty by:**
- [ ] Sickness
- [ ] On-the-Job Injury
- [ ] Off-the-Job Injury
- [ ] Pregnancy and Confinement
- [ ] Undergoing Medical, Dental, or Optical Examination or Treatment (Job related)
- [ ] Undergoing Medical, Dental, or Optical Examination or Treatment (Not job related)

**During This Absence, I Was Unavailable for Duty Because**
- [ ] Sick Leave for Dependent Care
- [ ] Birth of Child - Bonding
- [ ] Placement of a Child with Employee for Adoption or Foster Care

**Additional Information Regarding Denial of Leave Protection Under FMLA**
- [ ] Employee Not Eligible - Less than 1250 Hours of Service.
- [ ] Employee Not Eligible - Not Employed with USPS 1 Year.
- [ ] Employee Has Exhausted FMLA Entitlement in Current Leave Year.
- [ ] Absence Not for a Covered Condition.
- [ ] Absence Not for a Covered Family Member.
- [ ] Requested Documentation Not Provided.
- [ ] Documentation Provided. Does Not Meet Criteria for FMLA Protection

Additional Documentation Required

| Leave Type | Time Card Code | PSDS Code |
|---|---|---|
| AL- FMLA | 55/01 | 32 |
| SL- FMLA | 56/02 | 33 |
| LWOP - FMLA - Part Day | 59/05 | 36 |
| LWOP - FMLA - Full Day | 60/06 | 37 |
| LWOP - Lieu of Sick Leave | 59/60 | 20 |
| LWOP - Proffered | 59/60 | 21 |
| LWOP - Personal Reasons | 59/60 | 22 |
| LWOP - Part Day | 59 | 23 |
| LWOP - Full Day | 60 | 23 |
| LWOP - AWOL | 59/60 | 24 |
| LWOP - IOD (Not FMLA) -OWCP | 49 | 25 |
| LWOP - Maternity | 59/60 | 26 |
| LWOP - Suspension | 59/60 | 27 |
| LWOP - Union Official | 84 | 28 |
| LWOP - Suspension Pending Termination | 59/60 | 29 |
| Continuation of Pay - USPS | 71 | 03 |
| Continuation of Pay - USPS-FMLA | 71/03 | 34 |
| Continuation of Pay - FMLA-IOD-OWCP | 49/04 | 35 |
| Court Duty | 61 | 04 |
| Military Leave | 67 | 05 |
| Postmaster's Organization | 89 | 08 |
| Blood Donor Leave | 69 | 09 |
| Other Paid Leave | 86 | 10 |
| Convention Leave | 66 | 12 |
| Acts of God | 78 | 13 |
| Veteran's Funeral | 86 | 10 |
| Relocation | 80 | 15 |
| Civil Defense | 77 | 16 |
| Civil Disorder | 81 | 17 |
| Voting Leave | 85 | 18 |

Privacy Act: The collection of this information is authorized by 39 USC 401,1001, 1003, 1005, 5 USC 8339; and Public Law 103-3. This information will be used to grant or deny your request for official leave from Postal Service duty. It may be disclosed under the routine uses given in Privacy Act system notices USPS 050.020 and USPS 120.070 (see appendix of Administrative Support Manual or, if you wish to obtain a copy of these notices contact your personnel office). Completion of this form is voluntary. If this information is not provided, official leave may not be granted.

PS Form 3971, April 2001 (Reverse)

A-000072

MW0515



EXHIBIT

**UNITED STATES POSTAL SERVICE**

# Request for or Notification of Absence

| Employee's Name (Last, first, M.I.) WILSON, MELINDA G | Social Security No. 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 | Date Submitted 12/20/2003 | No. of Hours Requested 8.00 | | | PP 1 | | Year 2004 |
|---|---|---|---|---|---|---|---|---|

| Installation (For PM leave, show city, state and ZIP code) 009-6821 - DELAWARE P&DF | N/S Day | Pay Loc. # 215 | D/A Code 11-0 | From Date 12/20/2003 | Hour 07:00 | | | |

| Time of Call or Request 06:20 | Scheduled Reporting Time 07:00 | Employee Can Be Reached At (If needed) (302) 395-4854 | ☐ No Call | Thru Date 12/20/2003 | Hour 15:30 | | | |

| | | | | | | Day | Init. | Hours |
| SAT | | | | | | | | |

**Type of Absence**
- ☐ Annual
- ☐ Carrier 701 Rule
- ☐ LWOP (See reverse)
- ☒ Sick (See reverse)
- ☐ Late
- ☐ COP
- ☒ Other. /SL

**Documentation (For official use only)**
- ☒ For FMLA Leave (Certification reviewed)
- ☐ For COP Leave (CA1 on file)
- ☐ For Advanced Sick Leave (1221 on file)
- ☐ For Military Leave (Orders reviewed)
- ☐ For Court Leave (Summons reviewed)
- ☐ For Higher Level (1723 on file)
- ☐ Scheme Training Testing, Qualifying (Memo on file)

| Revised Schedule for (Date) | | Approved in Advance ☐ Yes ☐ No |
|---|---|---|
| Begin Work | | SUN |
| Lunch-Out | | MON |
| Lunch-In | | TUE |
| End Work | | WED |
| Total Hours | | THU |
| | | FRI |

**Remarks (Do not enter medical information)**
NOT IOD, FMLA LEAVE wat

| | SAT | FP | 8 | 56 |
| SUN | | | | |

I understand that the annual leave authorized in excess of amount available to me during the leave year will be changed to LWOP.

| Employee's Signature and Date M. Wils 12/13/04 | Signature of Person Recording Absence and Date | Signature of Supervisor and Date Notified 12/6/03 | MON |
| | | | TUE |

**Official Action on Application** (Return copy of signed request to employee)
- ☐ Approved, not FMLA*
- ☒ Approved, FMLA (See Publication 71)
- ☐ Approved FMLA, Pending Documentation Noted on Reverse

| Signature of Supervisor and Date SMBucci 12-22-03 | WED |
| | THU |

- ☐ Disapproved (Give Reason)
- ☐ Ineligible for FMLA (Estimate eligibility date):

☐ Continued on Reverse

| | FRI |

PS Form 3971, April 2001

Warning: The furnishing of false information on this form may result in a fine of not more than $10,000 or imprisonment of not more than 5 years, or both (18 U.S.C. 1001)

---

During This Absence, I Was Incapacitated for Duty by:
- ☐ Sickness
- ☐ On-the-Job Injury
- ☐ Off-the-Job Injury
- ☐ Pregnancy and Confinement
- ☐ Undergoing Medical, Dental, or Optical Examination or Treatment (Job related)
- ☐ Undergoing Medical, Dental, or Optical Examination or Treatment (Not job related)

During This Absence, I Was Unavailable for Duty Because
- ☐ Sick Leave for Dependent Care
- ☐ Birth of Child - Bonding
- ☐ Placement of a Child with Employee for Adoption or Foster Care

**Additional Information Regarding Denial of Leave Protection Under FMLA**
- ☐ Employee Not Eligible - Less than 1250 Hours Worked.
- ☐ Employee Not Eligible - Not Employed with USPS 1 Year.
- ☐ Employee Has Exhausted FMLA Entitlement in Current Leave Year.
- ☐ Absence Not for a Covered Condition.
- ☐ Absence Not for a Covered Family Member.
- ☐ Requested Documentation Not Provided.
- ☐ Documentation Provided. Does Not Meet Criteria for FMLA Protection

Additional Documentation Required

| Leave Types (Information Only) | | | | | PP | | Year |
|---|---|---|---|---|---|---|---|
| Leave Type | Time Card Code | PSDS Code | | | | | |
| AL- FMLA | 55/01 | 32 | | | Day | Init. | Hours |
| SL- FMLA | 56/02 | 33 | | | SAT | | |
| LWOP - FMLA - Part Day | 59/05 | 36 | | | | | |
| LWOP - FMLA - Full Day | 60/06 | 37 | | | SUN | | |
| LWOP - Lieu of Sick Leave | 59/60 | 20 | | | | | |
| LWOP - Proffered | 59/60 | 21 | | | MON | | |
| LWOP - Personal Reasons | 59/60 | 22 | | | | | |
| LWOP - Part Day | 59 | 23 | | | TUE | | |
| LWOP - Full Day | 60 | 23 | | | | | |
| LWOP - AWOL | 59/60 | 24 | | | WED | | |
| LWOP - IOD (Not FMLA) -OWCP | 49 | 25 | | | THU | | |
| LWOP - Maternity | 59/60 | 26 | | | | | |
| LWOP - Suspension | 59/60 | 27 | | | FRI | | |
| LWOP - Union Official | 84 | 28 | | | SAT | | |
| LWOP - Suspension Pending Termination | 59/60 | 29 | | | SUN | | |
| Continuation of Pay - USPS | 71 | 03 | | | | | |
| Continuation of Pay - USPS-FMLA | 71/03 | 34 | | | MON | | |
| Continuation of Pay - FMLA-IOD-OWCP | 49/04 | 35 | | | TUE | | |
| Court Duty | 61 | 04 | | | | | |
| Military Leave | 67 | 05 | | | WED | | |
| Postmaster's Organization | 89 | 08 | | | | | |
| Blood Donor Leave | 69 | 09 | | | THU | | |
| Other Paid Leave | 86 | 10 | | | | | |
| Convention Leave | 66 | 12 | | | FRI | | |
| Acts of God | 78 | 13 | | | | | |
| Veteran's Funeral | 86 | 10 | | | | | |
| Relocation | 80 | 15 | | | | | |
| Civil Defense | 77 | 16 | | | | | |
| Civil Disorder | 81 | 17 | | | | | |
| Voting Leave | 85 | 18 | | | | | |

**Privacy Act:** The collection of this information is authorized by 39 USC 401,1001, 1003, 1005; 5 USC 8339, and Public Law 103-3. This information will be used to grant or deny your request for official leave from Postal Service duty. It may be disclosed under the routine uses given in Privacy Act system notices USPS 050.020 and USPS 120.070 (see appendix of Administrative Support Manual or, if you wish to obtain a copy of these notices contact your personnel office). Completion of this form is voluntary. If this information is not provided, official leave may not be granted.

PS Form 3971, April 2001 (Reverse)

A-000073

5/6

# CERTIFICATION BY EMPLOYEE'S HEALTH CARE PROVIDER FOR EMPLOYEE'S SERIOUS ILLNESS—FMLA

*This form is to be completed by employee's Health Care Provider when employee is requesting FMLA and medical documentation is required pursuant to 512.41, 513.36 and 515.5 of the ELM. Form PS 3971 must be completed by employee.*

**Employee's name** _Melinda G. Wilson_

**Description of serious health condition** *(On the back of this form is the description of a "serious health condition" under FMLA. Does the patient's condition qualify under any of the categories described? If so, please check the applicable category.)*

(1) _____ (2) _____ (3) _____ (4) _✓_ (5) _____ (6) _____ None of the above _____

**Without giving a specific diagnosis or prognosis, briefly note how the medical facts meet the criteria of the category checked above.** _____

**Date condition commenced:** _12/95 and 12/97_
**Probable duration of condition:** _Lifetime_
**Probable duration of the present incapacity (if different):** _____

**Will the employee be required to be off from work intermittently or work on a reduced schedule as a result of this condition and /or treatments?** _yes_ **Note the probable time and duration.** _depends on asthmatic conditions + Back or Neck Pain_

**If the condition is chronic (#4) or pregnancy (#3), note if the employee is presently incapacitated and the likely duration and frequency of episodes of incapacity.** _____

**If additional or continuing treatments are required for the condition, provide the nature and regimen of the treatments, an estimate of the probable number of treatments, the length of absence required by the treatments, and the actual or estimated dates of the treatments, if known.** _may require internal asthma treatments on time a severe attack occurs_

**Is the employee able to perform the functions of employee's position?** _No_ **If no, describe the physical restrictions placed on the employee, including the duration of such restrictions.** _Sit down position with chair w/ arm rests._

**Health Care Provider's Signature** _[signature]_ **Date** _2/12/99_

**Address** _Omega Prof Ctr. B-89 Newark DE 19713_

6/26/95                                                      APWU FORM 2

13

RECEIVED FEB 16 1999 WASHINGTON DC


DEPOSITION EXHIBIT Wilson 19 10-7-05

MW/0124
A-000074

Employment Standards Administration
Office of Workers' Compensation Programs

This form is provided for the purpose of obtaining a duty status report for the employee named below. This request does not constitute authorization for payment of medical expense by the Department of Labor, nor does it invalidate any previous authorization issued in this case. This request for information is authorized by law (5 USC 8101 et seq.). Information collected will be handled and stored in compliance with the Freedom of Information Act, the Privacy Act of 1974 and the OMB Cir. A-108.

OMB No. 1215-0103
Expires: 10-31-94

OWCP File Number
(If known)

**SIDE A - Supervisor:** Complete this side and refer to physician

1. Employee's Name (Last, first, middle)
Wilson, Meline C

2. Date of Injury (Month, day, yr.)  2/1/98
3. Social Security No.  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

4. Occupation  Clerk

5. Describe How the Injury Occurred and State Parts of the Body Affected

6. The Employee Works
Hours Per Day  2          Days Per Week

7. Specify the Usual Work Requirements of the Employee. Check Whether Employee Performs These Tasks or is Exposed Continuously or Intermittently, and Give Number of Hours.

**SIDE B - Physician:** Complete this side

8. Does the History of Injury Given to You by the Employee Correspond to that Shown in Item 5? ☑ Yes ☐ No (If not, describe
Yes

9. Description of Clinical Findings

10. Diagnosis Due to Injury  Tendinitis
11. Other Disabling Conditions  Severe depression

12. Employee Advised to Resume Work?
☐ Yes, Date Advised ___/___/___   ☐ No

13. Employee Able to Perform Regular Work Described on Side A?
☐ Yes, If so ☐ Full-Time or ☐ Part-Time _____ Hrs Per Day
☐ No. If not, complete below:

| Activity | Continuous #lbs. | Intermittent #lbs. | | Continuous | Intermittent | |
|---|---|---|---|---|---|---|
| a. Lifting/Carrying: State Max Wt. | #lbs. | #lbs. | Hrs Per Day | #lbs. | #lbs. 10 LT | 2 Hrs Per Day |
| b. Sitting | | | Hrs Per Day | ✓ | | 6 Hrs Per Day |
| c. Standing | | | Hrs Per Day | ✓ | | Hrs Per Day |
| d. Walking | | | Hrs Per Day | ✓ | | 1 Hrs Per Day |
| e. Climbing | | | Hrs Per Day | N/A | N/A | 0 Hrs Per Day |
| f. Kneeling | | | Hrs Per Day | N/A | N/A | 6 Hrs Per Day |
| g. Bending/Stooping | | | Hrs Per Day | | | 1 Hrs Per Day |
| h. Twisting | | | Hrs Per Day | | | 1 Hrs Per Day |
| i. Pulling/Pushing | | | Hrs Per Day | | | 1 Hrs Per Day |
| j. Simple Grasping | | | Hrs Per Day | | | 2 Hrs Per Day |
| k. Fine Manipulation (Includes keyboarding) | | | Hrs Per Day | | | 0 Hrs Per Day |
| l. Reaching above Shoulder | | | Hrs Per Day | | | 0 Hrs Per Day |
| m. Driving a Vehicle (Specify) | | | Hrs Per Day | N/A | N/A | 0 Hrs Per Day |
| n. Operating Machinery (Specify) | | | Hrs Per Day | | | 0 Hrs Per Day |
| o. Temp. Extremes | | | range in degrees F | N/A | N/A | range in degrees F |
| p. High Humidity | | | Hrs Per Day | | | Hrs Per Day |
| q. Chemicals, Solvents, etc. (Identify) | | | Hrs Per Day | | | Hrs Per Day |
| r. Fumes/Dust (Identify) | | | Hrs Per Day | | | Hrs Per Day |
| s. Noise (Give dBA) | | | dBA Hrs Per Day | | | dBA Hrs Per Day |

z. Other (Describe)
need have modified case and hour with arm rests due to work injury 2/1/98. Must also work 1a-3:30pm due to severe depression and sleep disorder along with meds.

OWCP case # 030257-944

14. Are Interpersonal Relations Affected Because of a Neuropsychiatric Condition? (e.g. Ability to Give or Take Supervision, Meet Deadlines, etc.) ☑ Yes ☐ No (Describe)
severe depression & medication

15. Date of Examination  06/16/00
16. Date of Next Appointment  09/15/00

17. Specialty  FM
18. Tax Identifier

19. Physician's Signature
20. Date  06/16/00

A-000075

CL 4-07-04

LIGHT DUTY

## MEDICAL STATEMENT OF PHYSICAL CONDITION

0-30 DAYS
31-60 DAYS

**UNITED STATES
POSTAL SERVICE**

Employees returning to work after illness or injury must provide medical evidence to support his/her absence, based on the local leave regulations. Without the required medical documentation, employee may not be permitted to return to work.

Melinda Wilson

Employee (Patient)

FSM Clerk

Job Title

6/98

Date of Initial Treatment

Although she is stable with regards to depression & sleep

Complete Prognosis for full recovery

disorder, she requires continued medication and day shift hrs-

_____ (Good)        _____ (Fair)        _____ (Poor)

Totally incapacitated from work from _____ through _____
                                     Date                              Date

Partially incapacitated from work from _____ through _____
                                       Date                            Date

PHYSICIAN·  PLEASE COMPLETE RESTRICTIONS ON ATTACHED PAGE

DOCTOR SIGNATURE          10/17/00          B-89 Omega Dr.
                          Date              Address

(302) 738-5580                              Newark DE 19713

Phone No.

Fax No.

**TOTAL CARE PHYSICIANS
OMEGA PROFESSIONAL CENTER
BUILDING B, SUITE 89
OMEGA DRIVE
NEWARK, DE 19713**

A-000076

CL 4-07-04

# TOTAL CARE PHYSICIANS  FAMILY PRACTICE

☐ Professional Bldg. • Suite 101, 1320 Philadelphia Pike, Wilmington, DE 19809          302-798-0666
☐ Omega Professional Center • Building B, Suite 89, Omega Drive, Newark, DE 19713     302-738-5500
☐ Glasgow Professional Center • Suite 124, 2600 Glasgow Avenue, Newark, DE 19702     302-836-4200

NAME _M. Wilson_

ADDRESS _____  DATE 3/12/04

℞  Ms. Wilson has been treated
for major depression, which
began, following her Ⓛ wrist
injury. Her chronic disability is
a significant factor in her depression.

☐ Label

Refill _____ times   PRN   NR

DEA NO. _____

Dispense as Written  _____ M.D., D.O.

Substitution Permitted  _____ M.D., D.O.

A-000077

Certification of Health Care Provider    U.S. Department of Labor
(Family and Medical Leave Act of 1993)    Employment Standards Administration
Wage and Hour Division

*RMD Input 5-14-02*
*Pub-71 Sent via Mail 5-14-02 /BMB*

*(When completed, this form goes to the employee, not to the Department of Labor.)*

| | |
|---|---|
| | OMB No.: 1215-0181 |
| | Expires:    06/30/02 |

1. Employee's Name

   **Melinda G. Wilson**

2. Patient's Name *(if different from employee)*

3. Page 4 describes what is meant by a "serious health condition" under the Family and Medical Leave Act. Does the patient's condition qualify under any of the categories described? If so, please check the applicable category.

   (1) _____  (2) _____  (3) _____  (4) __X__  (5) _____  (6) _____ , or None of the above _____

4. Describe the medical facts which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories: **Chronic Asthma + Sleep disorder + Back and Neck Pain**

5. a. State the approximate date the condition commenced, and the probable duration of the condition (and also the probable duration of the patient's present incapacity[2] if different):

   *Asthma since birth.*
   *Back + Neck Injuries since 12/95.*
   *Sleep disorder since Jun '98.*

   b. Will it be necessary for the employee to take work only intermittently or to work on a less than full schedule as a result of the condition (including for treatment described in Item 6 below)?

   *Yes intermittently. Depends on asthmatic condition. Back + Neck Pain also from car accident of 12/30/95. Also sleep disorder of 6/98.*

   If yes, give the probable duration:

   *Lifetime*

   c. If the conditions a chronic condition (condition #4) or pregnancy, state whether the patient is presently incapacitated[2] and the likely duration and frequency of episodes of incapacity[2]:

   *She is not presently incapacitated but may require treatments at anytime there is a severe attack. The episodes of incapacitation may be from 1-3 days or more depending in severity per month.*  6-7-01

   * Here and elsewhere on this form, the information sought relates only to the condition for which the employee is taking FMLA leave.

   [2] "Incapacity," for purposes of FMLA, is defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom

Form WH-380
Revised December 1999

A-000078
MW/0121

**a.** If additional treatments will be required for the condition, provide an estimate of the probable number of such treatments.

The treatments may vary as well as the number.

If the patient will be absent from work or other daily activities because of treatment on an intermittent or part-time basis, also provide an estimate of the probable number of and interval between such treatments, actual or estimated dates of treatment if known, and period required for recovery if any:

These treatments may vary and the dates are unknown as well as recovery time.

**b.** If any of these treatments will be provided by another provider of health services (e.g., physical therapist), please state the nature of the treatments:

N/A

**c.** If a regimen of continuing treatment by the patient is required under your supervision, provide a general description of such regimen (e.g., prescription drugs, physical therapy requiring special equipment):

Prescription drugs
Inhalers.

**a.** If medical leave is required for the employee's absence from work because of the employee's own condition (including absences due to pregnancy or a chronic condition), is the employee unable to perform work of any kind?

YES, at the time of attacks she may require treatments or bedrest. She may require light-duty work also.

**b.** If able to perform some work, is the employee unable to perform any one or more of the essential functions of the employee's job (the employee or the employer should supply you with information about the essential job functions)? If yes, please list the essential functions the employee is unable to perform: Unable to stand constantly OR above shoulder lifting. She can have a sit down position - chair with arm rests and modified case to sort mail.

**c.** If neither a nor b applies, is it necessary for the employee to be absent from work for treatment?

Page 2 of 4

A-000079

MW/0122

a. 2. If leave is required to care for a family member of the employee with a serious health condition, does the patient require assistance for basic medical or personal needs or safety, or for transportation?

N/A

b. If no, would the employee's presence to provide psychological comfort be beneficial to the patient or assist in the patient's recovery?

N/A

c. If the patient will need care only intermittently or on a part-time basis, please indicate the probable duration of this need:

N/A

_____ (SETH IYING) _____    IM
Signature of Health Care Provider                    Type of Practice

R-89 Omega Dr.                                       (302) 738-5700
                                                     Telephone Number
Address    Newark DE 1973                            6/5/00/01
                                                     Date

To be completed by the employee needing family leave to care for a family member:

State the care you will provide and an estimate of the period during which care will be provided, including a schedule if leave is to be taken intermittently or if it will be necessary for you to work less than a full schedule:

**TOTAL CARE PHYSICIANS**
**OMEGA PROFESSIONAL CENTER**
**BUILDING B, SUITE 89**
**OMEGA DRIVE**
**NEWARK, DE 19713**

_____                            6/5/01
Employee Signature                                   Date

A-000080
MW/0123

## TOTAL CARE PHYSICIANS FAMILY PRACTICE



☐ Professional Bldg. - Suite 101, 1320 Philadelphia Pike, Wilmington, DE 19809    302-798-0666
☐ Omega Professional Center - Building B, Suite 89, Omega Drive, Newark, DE 19713    302-738-5500
☐ Glasgow Professional Center - Suite 124, 2600 Glasgow Avenue, Newark, DE 19702    302-836-4200

NAME _Melinda Wilson_

ADDRESS _____ DATE _4/30/02_

℞ Ms. Wilson's major depressive
disorder remains stable on her
medication and stable work hrs.
She requires permanent day shift
schedule, as was agreed upon
when speaking with your medical
☐ Label director.

_____ M.D., D.O.
                Dispense as Written

Refill _____ times   PRN   NR

DEA NO. _____ _____ M.D., D.O.
                Substitution Permitted

CL-4-07-04

A-000081

1111

(When completed, this form goes to the employee, **not to the Department of Labor.**)

OMB No.: 1215-0181
Expires:    06/30/02

1. Employee's Name

Melinda G. Wilson

2. Patient's Name (If different from employee)

3. Page 4 describes what is meant by a "serious health condition" under the Family and Medical Leave Act. Does the patient's condition qualify under any of the categories described? If so, please check the applicable category.

(1) _____  (2) _____  (3) _____  (4) _____  (5) ✓  (6) _____ , or None of the above _____

4. Describe the medical facts which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories: Patient has chronic Asthma, Chronic hand + wrist injuries and neck + back pain.

RECEIVED
Complete + Approved
MAY 30 2002
[signature]
FMLA COORDINATOR
SOUTH [illegible]

USPS
MAY 24 2002
DE REGIST[illegible]

5. a. State the approximate date the condition commenced, and the probable duration of the condition (and also the probable duration of the patient's present incapacity[2] if different):

Asthma - Lifetime
hand + wrist - 1992
neck + back - / car accident 1995

Will it be necessary for the employee to take work only intermittently or to work on a less than full schedule as a result of the condition (including for treatment described in Item 6 below)?

Yes. Employee may be off work from 1 - 3 days per week for either condition depending on flare ups.

If yes, give the probable duration: Lifetime
1 - 3 days per week.

c. If the condition is a chronic condition (condition #4) or pregnancy, state whether the patient is presently incapacitated[2] and the likely duration and frequency of episodes of incapacity[2]:

Patient has been incapacitated from 5/4 - 5/24.
Patients episodes depend on flare ups and may occur at any time or frequency.

Here and elsewhere on this form, the information sought relates only to the condition for which the employee is taking FMLA leave.

"Incapacity," for purposes of FMLA, is defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom.

A-000082
MW/0118

May require intervals of P/T or asthma treatments during severe attacks. Require medications hard to estimate number.

If the patient will be absent from work or other daily activities because of treatment on an intermittent or part-time basis, also provide an estimate of the probable number of and interval between such treatments, actual or estimated dates of treatment if known, and period required for recovery if any:

Patient may be absent at any time flareups occur. 1-3 times per week for any one illness.

b.  If any of these treatments will be provided by another provider of health services (e.g., physical therapist), please state the nature of the treatments:

P/T for neck + back.

c.  If a regimen of continuing treatment by the patient is required under your supervision, provide a general description of such regimen (e.g., prescription drugs, physical therapy requiring special equipment):

P/T — Prescription drugs.

If medical leave is required for the employee's absence from work because of the employee's own condition (including absences due to pregnancy or a chronic condition), is the employee unable to perform work of any kind?

Yes

b.  If able to perform some work, is the employee unable to perform any one or more of the essential functions of the employee's job (the employee or the employer should supply you with information about the essential job functions)? If yes, please list the essential functions the employee is unable to perform:

Patient may sort letters in modified case with chair and arm vests.

c.  If neither a. nor b. applies, is it necessary for the employee to be absent from work for treatment?

Yes.

b. If no, would the employee's presence to provide psychological comfort be beneficial to the patient or assist in the patient's recovery?

c. If the patient will need care only intermittently or on a part-time basis, please indicate the probable duration of this need:

Pls- print Dr's name - Seth Ivins, MD

_____          _____
Signature of Health Care Provider          Type of Practice  family practice

              TOTAL CARE PHYSICIANS        302-738-5500
            OMEGA PROFESSIONAL CENTER       _____
_____          Telephone Number
Address       BUILDING B, SUITE 89         5|24|02
              OMEGA DRIVE                   _____
              NEWARK, DE 19713             Date

To be completed by the employee needing family leave to care for a family member:

State the care you will provide and an estimate of the period during which care will be provided, including a schedule if leave is to be taken intermittently or if it will be necessary for you to work less than a full schedule:

_____          _____
Employee Signature                         5/24/02
                                           Date

A-000084
MW/0120

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs

*Writing file #*

This form is provided for the purpose of obtaining a duty status report for the employee named below. This request does nstitute authorization for payment of medical expense by the Department of Labor, nor does it invalidate any ous authorization issued in this case. This request for information is authorized by law (5 USC 8101 et seq.). ation collected will be handled and stored in compliance with the Freedom of Information Act, the Privacy Act of 1974 the OMB Cir. A-108.

OMB No. 1215-0103
Expires: 10-31-94

OWCP File Number (If known)
03201-1732
03020B375

| A - Supervisor: Complete this side and refer to physician | SIDE B - Physician: Complete this side |
|---|---|
| Employee's Name (Last, first, middle) | 8. Does the History of Injury Given to You by the Employee Correspond to that Shown in Item 5? ☐ Yes ☐ No (If not, describe) |
| Tism McLinda G | CL 4-07-04 |
| Date of Injury (Month, day, yr.) | 3. Social Security No. |
| 4/02 | 221 52 9509 |
| Occupation FSM CLERK (USPS) | |

9. Description of Clinical Findings
recurrent ganglion cysts, both wrists

10. Diagnosis Due to Injury Tendinitis/ganglion cyst bilat wrists
11. Other Disabling Conditions

escribe How the Injury Occurred and State Parts of the Body Affected
n wrist repetitive motion, pushing heavy equip

12. Employee Advised to Resume Work?
☑ Yes, Date Advised 12/3/02 ☐ No

The Employee Works

Hours Per Day          Days Per Week

ecify the Usual Work Requirements of the Employee. Check hether Employee Performs These Tasks or is Exposed ontinuously or Intermittently, and Give Number of Hours.

13. Employee Able to Perform Regular Work Described on Side A?
☐ Yes, If so  ☐ Full-Time  or ☐ Part-Time _____ Hrs Per Day
☑ No, If not, complete below:

| Activity | Continuous | Intermittent | | Continuous | Intermittent | |
|---|---|---|---|---|---|---|
| ting/Carrying: ate Max Wt. | #lbs. 15 | #lbs. 25 | 7 Hrs Per Day | #lbs. 5 | #lbs. 10 | 7 Hrs Per Day |
| ting | | X | 0 Hrs Per Day | | | 7 Hrs Per Day |
| anding | | X | 0 Hrs Per Day | | | 0 Hrs Per Day |
| alking | | X | 7 Hrs Per Day | | | 7 Hrs Per Day |
| mbing | | N/A | 0 Hrs Per Day | Recd 12/4/02 | | 0 Hrs Per Day |
| eeling | | N/A | 0 Hrs Per Day | | | 0 Hrs Per Day |
| nding/Stooping | | X | 3 Hrs Per Day | | | 3 Hrs Per Day |
| isting | | X | 3 Hrs Per Day | | | 3 Hrs Per Day |
| ling/Pushing | | X | 3 Hrs Per Day | | | 0 Hrs Per Day |
| mple Grasping | | X | 7 Hrs Per Day | | Sorting Letters | 7 Hrs Per Day |
| ne Manipulation cludes keyboarding) | | X | 0 Hrs Per Day | | | 1 Hrs Per Day |
| aching above oulder | | X | 4 Hrs Per Day | | | 0 Hrs Per Day |
| ving a Vehicle pecify) | | N/A | 0 Hrs Per Day | | | 0 Hrs Per Day |
| erating Machinery pecify) | | N/A | 0 Hrs Per Day | | | 0 Hrs Per Day |
| mp. Extremes | | N/A | 0 range in degrees F | | | 0 range in degrees F |
| gh Humidity | | N/A | 0 Hrs Per Day | | | 0 Hrs Per Day |
| emicals, Solvents, c. (identify) | | N/A | 0 Hrs Per Day | | | 0 Hrs Per Day |
| mes/Dust (identify) | | N/A | 0 Hrs Per Day | | | 0 Hrs Per Day |
| ise (Give dBA) | | N/A | 0 dBA Hrs Per Day | | | 0 dBA Hrs Per Day |

nef (Describe) Sit kbng, modified case chair
w/ armrests/apply heat 5min
1/hr as needed
Splint

14. Are Interpersonal Relations Affected Because of a Neuropsychiatric Condition? (e.g. Ability to Give or Take Supervision, Meet Deadlines, etc.) ☑ Yes. ☐ No (Describe)
severe depression - medication

**THE POSTAL SERVICE WILL**
**ACCOMMODATE ANY/ALL RESTRICTIONS**
**SHORT OF BED REST**

rt time no later than 9:30 Am due o meds.

ANY QUESTIONS, PLEASE CALL 111?

15. Date of Examination
12/3/02

16. Date of Next Appointment
3/3/02

17. Specialty
FM

18. Tax Identification Number

A-000085

**UNITED STATES**
**POSTAL SERVICE**

Employee's Name: _Melinda G Wilson_

### In an 8-hour Work Day, the Employee is able to:

| Activity | Hours at one time | Total Hours per day |
|---|---|---|
| Lift/Carry:  Less than 5 lbs. | intermittently | 5 |
| Lift/Carry:  5 - 10 lbs. | ' | 5 |
| Lift/Carry:  11 - 20 lbs. | 1 | 1 |
| Lift/Carry:  21 – 50 lbs. | 0 | 0 |
| Lift/Carry:  51 – 70 lbs. | 0 | 0 |
| Lift/Carry:  Over 70 lbs. | 0 | 0 |
| Push/Pull (up to     lbs.) | 0 | 0 |
| Sit | 1-2 | 8 |
| Stand | 0 | 0 |
| Walk | 1 | 1 |
| Climb Stairs | 0 | 0 |
| Climb Ladders | 0 | 0 |
| Kneel | 0 | 0 |
| Bend | 1 | 1 |
| Stoop | 1 | 1 |
| Twist | 1 | 1 |
| Perform simple grasping (e.g. sort letters by hand) | 1&2  Sorting letters | 8 |
| Key on 10-key pad @ 3 keystrokes per mail piece | 0 | 0 |
| Reach above shoulder | 0 | 0 |
| Work outdoors | 0 | 0 |
| Perform driving duties:  Passenger car | 0 | 0 |
| Small truck (e. g., step van) | 0 | 0 |
| 5 – 7 Ton truck | 0 | 0 |
| Fork Lift Power On | 0 | 0 |
| Tractor trailer | 0 | 0 |
| Fine Manipulation | 0 | 0 |
| Other restrictions (explain*): | | |

Sort letters in modified case, chair w/ armrests
w/ left splint, apply heat or ice every hour
or 15 minutes as needed for pain.

*Unusual restrictions may be questioned via phone call from USPS medical professional.

_____
Physician's Signature

12/12/03
Date

Seth Ivins
Physician's PRINTED Name

738-5500
Telephone No.

MW/0377

Affidavit _C_
Page _9_ of _29_
A-000086

# Boscov's

## APPLICATION FOR EMPLOYMENT

**OUR EMPLOYMENT POLICY:** Equal opportunity for all interested applicants because of Race, Color, Religion, Sex, Age, National Origin, or Disability.

**OUR APPLICATION POLICY:** Application for employment shall be considered active for a period of time not to exceed 60 days. Any applicant wishing to be considered for employment beyond this period should inquire as to whether or not applications are being accepted at that time.

| Last Name | First Name | Middle Name | Social Security No. | Date of Application |
|---|---|---|---|---|
| WILSON | Melinda | Gatson | 221 52 2808 | 9-1-03 |

| Present Address: | Number | Street | City | State | Zip | Township or Borough | Telephone No. |
|---|---|---|---|---|---|---|---|
| | 28 Ashley Dr. | New Castle, DE | 19720 | NewCastle | cell Area Code 302 395 4654 |

**ARE YOU LEGALLY ELIGIBLE TO ACCEPT EMPLOYMENT IN THE UNITED STATES?** ☐ Yes ☑ No    **Are you under 18?** ☐ Yes ☑ No

Source of referral
☐ Ad
☑ Employee  Amy
☐ Other (specify)

If "Yes", under what name were you employed?
Position _____    Department _____
Dates of previous employment: From ___ To ___

Have you ever been employed by Boscov's? ☐ Yes ☑ No

Do you have any relatives working at Boscov's? ☐ Yes ☑ No    If "Yes", Give Name, Relationship and Department.

### TYPE OF WORK DESIRED ☑ Any
("Any" is not acceptable) (Up to 2 Choices only)
☐ SALES    ☐ CASHIER    ☐ STOCK
Name a specific department

### TYPE OF SCHEDULE (Check only 1)
☐ FULL-TIME  ☐ PART-TIME  ☐ FLEXIBLE
I am available to work on the following days and times

| | Sun. | Mon. | Tues. | Wed. | Thurs. | Fri. | Sat. |
|---|---|---|---|---|---|---|---|
| FROM | 9 | 9:30 | 9:30 | 9:30 | 9:30 | | |
| TO | 9:4 | 3:30 | 3:30 | 3:30 | 3:30 | | 9:30 |

Date you are available to start work: **Immediately**
Expected earnings: **7.00/hour**

### TO BE COMPLETED AFTER EMPLOYMENT

| Date of Birth | 07/06/61 |
|---|---|
| Spouse's Name & S.S. # | Kevin Wilson |
| Spouse's Employment | |
| Address: | Kevin Wilson |
| In Case of Emergency Notify: | |
| Telephone: | 395 4654 |
| Interviewer's Comments: | |

### FOR OFFICE USE ONLY

| | | | | |
|---|---|---|---|---|
| Client # | 0003 | Education Code | D |
| Store # | 0012 | Date of Birth | 07/06/61 |
| Sex | F | Ctzshp (1-9) | 02 |
| Starting Date | 10/20/03 | Dep. Children | |
| Starting Rate | 7.25 | Disability | N |
| Marital Status | M | Employee Type | T |
| Dept. # | 030A | Normal Hours | 85 |
| J. Rel. Code | H | Job Code | 089 NONE |

PENGAD-Bayonne, N.J.
DEPOSITION EXHIBIT
Wilson 10-7-05

Affidavit B

A-000087

| JOB TITLE: | 8110 BASIC SALES/STOCK | GRADE OR LEVEL. | N/A |
|---|---|---|---|
| DEPT/DIVISION: | ALL SELLING DEPARTMENTS | | |
| DATE COMPLETED: | OCTOBER 2000 | SUPERCEDES (DATE): | MAY 1996 |
| FLSA STATUS: | NON-EXEMPT | JOB LOCATION: | ALL STORES |
| REPORTS TO: | DEPARTMENT/AREA MANAGER | | |

### BASIC FUNCTION

Salespeople are responsible for selling merchandise, providing customer service by fulfilling customers' merchandise needs and maintaining the appearance of selling floor and stock area. May be called upon at the discretion of management to perform comparable duties of a similar or related nature and/or assist in other areas where staffing shortages exist.

### ESSENTIAL JOB FUNCTIONS/MAJOR TASKS

|  |  | % Time Spent |
|---|---|---|
| 1. | Provide customer service as per company standards (i.e., greet & acknowledge customers, solid product knowledge & all other components of customer service), accurately and efficiently complete all sales transactions by adhering to all company policies & procedures including pricing and loss prevention, bag/package merchandise and maintain an awareness of advertisements, open new Boscov's charge accounts to achieve goals set by the company. | 60% |
| 2. | Maintain stock by assisting in receiving, folding, straightening, and replenishing merchandise. | 25% |
| 3. | Accurately complete paperwork (i.e., POS terminal procedures, new charge accounts, rainchecks, and special orders). | 15% |

### OTHER JOB FUNCTIONS

- Open and close the department and the POS terminal
- Transfer of merchandise, price changes, counts, order new price tickets and merchandise sale signs
- Take annual inventory, cycle inventories
- Assist in floor moves, setup/breakdown of sales promotion merchandise and basic store housekeeping (i.e., cleaning shelves, dusting)
- Attend training sessions (i.e., safety, customer service, product knowledge, inventory) and meetings (i.e., roundtable, storewide meetings, departmental)

### PHYSICAL DEMANDS/WORKING CONDITIONS

| Standing | Stooping | Bending | Reaching | Climbing |
|---|---|---|---|---|
| Twisting/Turning | | Lifting/Carrying (up to 50lbs) | | |

### QUALIFICATIONS/PREREQUISITES

(1) SKILLS
Communication; verbal, written and by telephone with coworkers, management, and customers. Possesses basic math skills. Able to read and follow directions. Ability to learn selling skills and to operate a POS terminal and telxon. Ability to work well with the public and varied hours/days as business dictates.

(2) EMPLOYMENT EXPERIENCE (KIND & AMOUNT)
Prior retail and/or selling experience preferred.

(3) EDUCATION (GENERAL LEVEL REQUIRED OR SPECIFIC COURSES)
High School diploma or equivalent

SUPERVISORY REVIEW AND APPROVAL:  _____  DATE: 10-31-00

HUMAN RESOURCES REVIEW AND APPROVAL: _____  DATE: _____

*AVAILABILITY FORM*          NIGHT
                                          CLASS

WORKER'S NAME Melinda Wilson          PHONE NO. 981-3079

0306-Womens   SS#_____   DISC. # 148768

urpose of this form is to assist Management, Department Managers, and the Staff Scheduler in the preparation of Departmental Staff Sched-
As discussed with you during the interviewing process, all full time and flex schedules will include 2 evenings, hours on Saturdays, and
te Sundays. Part time positions will include at least 3 evenings, hours on Saturday, and alternate Sundays. You have been hired as an:

EMPL. TYPE Temp   with a *weekly* schedule of __15__ to __25__ hours.

                *daily* schedule of __4__ to __8__ hours.

EDULING SYSTEM TYPE (✓) _____ FULL TIME, __X__ PART-TIME, _____FLEX

here be a day or time that you are not available, on a regular basis, please indicate below i.e., a standing doctor's appointment, class or
tc. Please note: <u>Special requests</u> for time off are to be arranged with your Department Manager and/or Supervisor.

*INDICATE ANY TIME THAT YOU ARE ~~NOT~~ AVAILABLE TO WORK*

| | TIME: | DAY: | TIME: |
|---|---|---|---|
| DAY | open to close | THURSDAY | 4:30 to close |
| DAY | open to close | FRIDAY | 4:30 to close |
| SDAY | 4:00 to close | SATURDAY | 4:00 to close |
| NESDAY | 4:00 to close | | |

WORKER SIGNATURE Melinda H Wilson   DATE 10/10/03

White: Staff Scheduler / Co-Worker's File
Yellow: Department Manager

Affidavit B
Page 123 of 150

MW/0341
A-000089              Exh 6.+ 12

MW/0342

ENT NUMBER: 0503         STORE NUMBER: 00072         SOCIAL SECURITY NUMBER: 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

ASIC DATA. TO BE VERIFIED AND UPDATED BY CO-WORKER. ENTER CORRECTIONS OR UPDATES ON LINE PROVIDED.

T NAME: WILSON          FIRST NAME: MELINDA          MIDDLE INITIAL: G

RESS LINE 1: 28 ASHLEY DRIVE    CITY: NEW CASTLE    STATE: DE    ZIP CODE: 19720-

RESS LINE 2:                    FEDERAL TAX INFORMATION
                                (TO CHANGE, A W4 FORM MUST BE COMPLETED)

                                STATUS: MARRIED   EXEMPTIONS: 004   AMOUNT:      .00

LOYMENT DATE: 10/20/03      DEPARTMENT: 0306      DISCOUNT NUMBER: 14876-8

- PERSONAL DATA. TO BE VERIFIED AND UPDATED BY CO-WORKER. ENTER CORRECTIONS OR UPDATES ON LINE PROVIDED.

: FEMALE  MARITAL STATUS: MARRIED    SPOUSE NAME - FIRST: KEVIN    LAST: WILSON
                                     (IF MARRIED)

ABILITY: NO      DATE OF BIRTH: 07/06/61   HOME PHONE: (302)981-3079   SPOUSE SSN: 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
                                                                      (IF MARRIED)

BER OF DEPENDENT CHILDREN:              NAME OF DEPENDENTS           DEPENDENTS DATE OF BIRTH
'DENT CHILDREN ARE THOSE
EN LIVING AT HOME UNDER ___
E OF 19)          02       LAST NAME, FIRST NAME              MM/DD/YY

RGENCY DATA:

TACT NAME: KEVIN WILSON          LAST NAME, FIRST NAME              MM/DD/YY

RESS:      SAME                  LAST NAME, FIRST NAME              MM/DD/YY

TY/STATE:   SAME                 LAST NAME, FIRST NAME              MM/DD/YY

ONE NUMBER: 3023954854           LAST NAME, FIRST NAME              MM/DD/YY

LATIONSHIP: HUSBAND              LAST NAME, FIRST NAME              MM/DD/YY

UCATION:   COLLEGE GRADUATE

FOR HUMAN RESOURCE MANAGERS USE ONLY

EEO CODE: 1  PRIMARY JOB CODE: 8210  SECONDARY JOB CODE:

JOB TITLE: SALESPERSON                2ND TITLE:

JOB SALARY CODE: NONE

NORMAL HOURS: 25.00   EMPLOYMENT TYPE:  TEMPORARY
(CANNOT EXCEED 40.00)  (* INDICATES MISMATCH TO AGE OR NORMAL HOURS)

CITIZENSHIP (I-9): YES    UNDER AGE 18: NO
(ON FILE)

CO-WORKER SIGNATURE: Melinda G Wilson

PLEASE REVIEW,
CORRECT, SIGN AND
TURN TO HUMAN
OURCES- DAN CARTY

A-000090

Affidavit B
Page 124 of 150